SHORES, Justice.
In January, 1964, John B. and Patricia J. Pollard bought a house in Calhoun County. In 1967, they entered into a contract with Dixie Exterminators, Inc. wherein Dixie agreed to chemically treat the house and warrant that it would remain free of termite infestation during the contract period. The contract had an annual renewal clause and was renewed by the Pollards each year. Dixie assigned the contract to Guaranty Pest Control in 1969. The Pollards accepted this arrangement and forwarded renewal payments to Guaranty. In the Spring of 1971, termite infestation was discovered in a storage room area located behind the carport. Guaranty sent a representative to inspect the damage and subsequently rebuilt the storage room. Additional problems developed such as wall-ceiling separation, separation of the kitchen cabinents from supporting walls, and sagging floors. There was also a problem in the bathroom. According to Mrs. Pollard, she called upon her homeowners’ insurance to see if it would take care of the damages, but it would not take care of water damage “unless it was sudden.”
Thereafter, the Pollards brought this suit against Guaranty alleging that the damage to the house resulted from termite infestation. They sought $50,000 damages. Guaranty denied liability and the cause was tried to the trial judge, without a jury. After hearing the evidence, the court entered a judgment for Guaranty. The Pollards appeal, contending that the judgment of the trial court is palpably wrong and contrary to the great weight of the evidence.
As we have said so often, generally where conflicting evidence is heard ore tenus by a trial judge, every presumption will be indulged in favor of his finding of fact and will not be disturbed on appeal unless plainly and palpably erroneous. Johnson-Rast & Hays, Inc. v. Cote, 294 Ala. 32, 310 So.2d 885 (1975); Rafield v. Johnson, 294 Ala. 235, 314 So.2d 695 (1975); Smith v. Gill, 293 Ala. 736, 310 So.2d 214 (1975). Stated differently, where the evidence is in conflict and is heard orally without a jury, the trial court’s judgment, based upon conflicting evidence, is clothed with a presumption of correctness. Employers Insurance Co. of Alabama v. Lewallen, 293 Ala. 574, 307 So.2d 689 (1975).
In this case, Guaranty took the position throughout the trial that the damage to the house was caused by water and fungus rot rather than termite infestation. In support *955 of this position, Guaranty introduced the testimony of two expert witnesses from the State Department of Agriculture who were called by the Pollards. Both experts testified that they found no active termites in the Pollards’ home and that, upon examining photographs of wood debris removed from underneath the house, the wood seemed to be damaged by water rot rather than termite infestation. In addition, one of the experts testified that he found no evidence of termite damage to the seals or joists or any other structural damage. Guaranty would be liable only if the damage to the house was caused by termites. There was evidence that it was not caused by termites but was, in the opinion of these expert witnesses, caused by water rot or fungus.
It is apparent then that the trial court had credible evidence before it which was in conflict with the position taken by the Pollards and which supports its decision in favor of Guaranty. We cannot say, therefore, that the decision is clearly erroneous or manifestly unjust. It is, therefore, due to be affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, FAULKNER and BEATTY, JJ., concur.