This is a workmen's compensation case.
The trial court awarded compensation benefits to Beasley. The trial court based its decision in part on the finding that the relationship of employer/employee existed between Ala-Miss and Beasley at the time of Beasley's injury. Ala-Miss, who through able counsel has favored this court with an excellent brief, appeals and we affirm.
The dispositive issue on appeal is whether the trial court was justified in finding that certain deductions by Ala-Miss to pay workmen's compensation insurance premiums established an employer/employee relationship between Beasley and Ala-Miss for purposes of compensation coverage.
Viewing the record in light of the standard of review in workmen's compensation cases, the following is revealed. Beasley worked as a "sawman" or woodcutter on a pulpwood truck owned and operated by the Hamiltons. Mr. Hamilton had been hauling wood exclusively to Ala-Miss, except for three or four loads of hardwood, from February 1980, up until Beasley's injury in October 1980. Beasley had been working with the Hamiltons approximately three weeks when a tree fell on him and broke his leg. Beasley's injury demanded considerable medical attention, including surgery.
It is undisputed that the Hamiltons hired Beasley and that they supervised his work. Hamilton did not have a contract with *Page 645 
Ala-Miss and Ala-Miss could accept or reject any timber tendered. However, from those loads of wood Ala-Miss did accept, it deducted from the price it paid for every cord a certain amount to pay workmen's compensation insurance premiums.
The trial court found specifically that Beasley
 "[W]as supervised by the Defendants Hamilton on a daily basis; that the Defendants Hamilton regularly employed less than two persons and therefore the Defendants Hamilton were not subject to the Workmen's Compensation Law of Alabama; that the Defendant, Ala-Miss Enterprises, Inc., deducted from the amounts of money due the Hamiltons and the Plaintiff for wood delivered it certain sums of money as and for premiums for Workmen's Compensation Insurance for the Hamiltons and the Plaintiff; and that therefore the Plaintiff was the employee of the Defendant Ala-Miss Enterprises, Inc., as aforesaid, under the definition thereof as set forth in the Workmen's Compensation Laws of Alabama."
The trial court further found that Beasley was injured in the course of his employment with Ala-Miss and awarded compensation benefits.
Ala-Miss now appeals, contending the trial court erred in finding that Beasley was its employee for purposes of workmen's compensation law.
In workmen's compensation cases this court looks at the record only to determine if the finding of facts by the trial court is supported by any legal evidence and if the law has been properly applied to the facts. We will not look to the weight of the evidence. American Tennis Courts, Inc., v.Hinton, 378 So.2d 235 (Ala.Civ.App.); cert. denied,378 So.2d 239 (Ala. 1979); Craig v. Decatur Petroleum Haulers, Inc.,340 So.2d 1127 (Ala.Civ.App. 1976), cert. denied, 340 So.2d 1130
(Ala. 1977).
Also, in reviewing the issues on appeal, an appellate court must keep in mind the principle that the Workmen's Compensation Act should be given a liberal construction to accomplish its beneficent purposes, and all reasonable doubts must be resolved in favor of the employee. American Tennis Courts, Inc. v.Hinton, 378 So.2d 235 (Ala.Civ.App.), cert. denied,378 So.2d 239 (Ala. 1979).
Considering the facts and circumstances of this case, along with the applicable law, we cannot say the trial court erred in finding that an employer/employee relationship existed for purposes of workmen's compensation coverage.
Viewing the record with the attendant presumptions, the evidence and the reasonable inference therefrom reveals that on every load of wood Hamilton delivered to Ala-Miss, Ala-Miss deducted a certain amount per cord to pay the premiums for workmen's compensation insurance. This occurred continuously from February 1980 until three days before Beasley's accident. It can be reasonably inferred that the deductions were to provide coverage for Hamilton and his employees. The scale tickets, or receipts, given Hamilton show at the bottom in the same size print as the rest of the document that $1.50 per cord was deducted for "W-C Insurance."
Ala-Miss contends that Beasley and Hamilton were not hauling wood to Ala-Miss on the day Beasley was injured based on the fact that on the day of the accident and the two previous days the Hamilton truck delivered wood to Scott Paper Company.
Be that as it may, there is evidence that Ala-Miss had informed Hamilton that, although it would still take pine, it would not accept any more hardwood; thereafter, Hamilton delivered three loads of hardwood to Scott.
On the day of the accident the owner of the timber being cut told Hamilton that they should clear out the rest of the pine with the understanding that it would be delivered to Ala-Miss, who would accept pine. Scott would not take any pulpwood such as pine at that time. Beasley testified *Page 646 
that he understood at the beginning of the workday that he would be cutting pine for delivery to Ala-Miss. Beasley was cutting the top out of a pine tree when he was injured.
As soon as Beasley was injured, Hamilton took him to the hospital. As Beasley was the man cutting the wood, there was no more pine cut that day and none was delivered to Ala-Miss. However, the owner of the timber had some hardwood already cut from previous days; he and Hamilton's remaining employee loaded the hardwood on Hamilton's truck and delivered it to Scott Paper Company without Hamilton or Beasley's knowledge.
Clearly, given the presumptions accorded the trial court, there is evidence to support the finding that Beasley was cutting wood to be hauled to Ala-Miss when he was injured.
It may well be true that Ala-Miss's relationship with Beasley, via the Hamiltons, does not meet the traditional test of "right of control" in determining if an employee relationship exists. American Tennis Courts, Inc. v. Hinton,378 So.2d 235 (Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala. 1979). Nevertheless, under the peculiar facts and circumstances of this case, considered along with certain principles of insurance law, we are of the opinion that Ala-Miss is precluded through its actions from denying that Beasley was its employee for purposes of workmen's compensation coverage. Put another way, in this instance, Ala-Miss, by deducting for workmen's compensation from the monies owed Hamilton, elected to treat Beasley, Hamilton's "employee," as its employee for workmen's compensation coverage.
We feel compelled to comment that we are not expanding the definition of "employee" to include, in every instance, anyone for whom deductions are made. We only find that, under the present fact situation, the trial court was within its authority in finding an employer/employee relationship existed. For a general discussion of the instant problem, see 1C A. Larson, The Law of Workmen's Compensation § 46.40 (1982).
We reach our decision that Ala-Miss is precluded from denying an employer/employee relationship in part by way of analogy to certain principles of insurance law.
 "There is a general rule of estoppel extant in the field of insurance law. This rule prohibits an insurer in employer's liability, who collects premiums based upon a payroll listing, from denying liability as to an employee who was included therein. See Couch on Insurance 2d § 44:126 (1963 Ed.)."
Employers Insurance Co. of Alabama v. Lewallen, 293 Ala. 574,577, 307 So.2d 689, 691 (1975). See also Strickland v. AlLanders Dump Trucks, Inc., 170 So.2d 445 (Fla. 1964);Thundereal Corp. v. Sterling, 368 So.2d 923 (Fla.Dist.Ct.App. 1979); Tallco, Inc. v. Queenan, 253 Miss. 709, 178 So.2d 665
(1965); Garrett v. Garrett Garrett Farms, 39 N.C. App. 210,249 S.E.2d 808 (1978).
In Lewallen, the insurance carrier collected premiums based on the monthly size of the total payroll of two businesses that were incorporated into one. Although the insurance policy listed only one of the pre-incorporated businesses and the policy was never changed to reflect incorporation, the supreme court held that the insurer was estopped to deny that the injured worker was an employee of the business that was insured based on the fact that the worker's salary was used to compute the premiums.
Although the relationship of the parties in this case is different from that of the parties in the above cited authorities, we believe that the situation is sufficiently analogous to apply the same reasoning in the instant case.
Ala-Miss deducted premiums from the price it paid per cord to Hamilton. It can be reasonably inferred that the premiums were deducted to cover the people cutting and hauling the wood, in this case Beasley. It was established by competent evidence that Beasley was cutting wood to be hauled to Ala-Miss. Therefore, Beasley would have been covered under Ala-Miss's *Page 647 
workmen's compensation insurance by virtue of Ala-Miss's actions in making the deductions for that very purpose. Hence, the trial court did not err in finding that an employer/employee relationship existed between Ala-Miss and Beasley at the time of the accident.
In view of the above, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.