EDWARD N. SCRUGGS, Retired Circuit Judge.
This workmen’s compensation case was instituted by Mrs. Kirkpatrick against her employer, Winston Furniture.
After an ore tenus trial the circuit court made a finding of fact in its final judgment. It was determined that the employee’s average weekly wage at the date of the injury was $210, and that she sustained a permanent partial disability to her body as a whole to the extent of twenty percent and a permanent partial loss of ability to earn of twenty percent. The trial court held that the employee was entitled to “the legal minimum of $65.00 per week for 299¾ weeks.” The disability determined by the trial court was not found to be to a scheduled member.
The parties are in agreement as to the sole issue upon this appeal. The question before us is purely one of law, the issue being whether the learned trial court erred in computing the benefits due to the employee by applying the minimum weekly compensation rate of $65 to permanent partial nonscheduled disability benefits. Those benefits are established and governed by the following code section:
“In all other cases of permanent partial disability not above enumerated, the compensation shall be 66% percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition, subject to the same maximum weekly compensation as stated in section 25-5-68.”
§ 25-5-57(a)(3)g, Code 1975.
We have not been cited to, and our independent research has not revealed, any Alabama case in point. However, recent articles and treatises have expressly or impliedly noted that the minimum weekly compensation rate does not apply to disabilities under section 25-5-57(a)(3)g.
In one article, in an example showing the method of computation for a permanent partial injury to the body as a whole, the minimum rate was not utilized although the weekly rate of compensation was ascertained to be $11.67, a much lower amount than the specified minimum weekly rate which was in effect in 1983 when the arti- *1094 ele was published. Braswell, Alabama Workmen’s Compensation Law — A Primer, 44 Ala.Law. 270, 272 (1983). Accordingly, the minimum rate by implication was deemed not applicable to such a nonscheduled disability.
Immediately following the formula to be used in computing nonscheduled permanent partial disability compensation benefits, a treatise stated, “Note — there is no minimum weekly compensation.” J. Hood, B. Hardy, Jr., E. Saad, Alabama Workmen’s Compensation, § 10-10, p. 81 (1982).
The most decisive material upon this problem is found in the handbook of Retired Circuit Judge James 0. Haley, where it was stated:
“Another example: This employee has a 25% loss of earning capacity but his average weekly earnings amounted to $100 per week.
25% x 100 = $25.00 loss of earning capacity
66% X 25 = $16.67
This employee is entitled to $16.67 per week.
NOTE: the minimum does not come into play in this situation since the employee is being paid 66⅜% of the difference between his average weekly earnings at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition § 25-5-57(a) (3)g. It will be noted that this section provides that the maximum weekly compensation as stated in § 25-5-68 is applicable but it does not provide for the applicability of the minimum provisions. § 25-5-68 provides that the minimum provision applies, except as otherwise provided in this article.
NOTE: Do not look for this formula in the Code; you will not find it there. No one seems to know where it came from. It first is found in the case of Nashville Bridge Co. v. Honeycutt, 246 Ala. 319, 20 So.2d 591 (1945). The trial judge in that case used it and it was approved by the Supreme Court. It has been used approvingly ever since.”
J. Haley, Handbook on Alabama’s Workmen’s Compensation Law, 89 (1982). Judge Haley’s rationale is correct.
Had the legislature intended for the minimum weekly compensation rate to apply to benefits under section 25-5-57(a)(3)g, it would have been easy and simple to have done so by designating that section 25-5-57(a)(3)f should apply thereto. That section expressly places the limitations of both maximum and minimum weekly compensation amounts upon the benefits to be paid for the permanent partial disability of scheduled members. Expressio unius est exclusio alterius — the expression of one thing is the exclusion of another. The maximum weekly rate was mentioned in section 25-5-57(a)(3)g, and the minimum rate was not; hence, the minimum weekly rate was excluded from consideration and application in nonscheduled permanent partial disability cases.
While the Workmen’s Compensation Act should be given a liberal construction in order to accomplish its beneficial purpose, and while all reasonable doubts as to its meaning must be resolved in favor of the employee, Ala-Miss Enterprises, Inc. v. Beasley, 446 So.2d 644 (Ala.Civ.App.1984), we must give effect to the plain language of this legislative act. Cunningham v. Milstead Pulpwood Co., 366 So.2d 737 (Ala.Civ.App.1979). The legislature clearly omitted the minimum weekly compensation rate from consideration as to a nonscheduled permanent partial disability.
In short, we hold that the minimum weekly compensation rate as established pursuant to section 25-5-68 does not apply in nonscheduled permanent partial disability cases where compensation is provided and governed by section 25-5-57(a)(3)g, Code 1975.
The learned trial court erred in this case in holding that the employee was entitled to “the legal minimum of $65.00 per week.” According to the finding of facts as made by the trial court, the weekly benefits to which the employee is entitled should have been computed as follows:
*1095 Average weekly earnings $210.00
Percent of disability to earn x_.20 42.00
.6667 under Code section x .6667
Weekly compensation due employee $ 28.00
Bickerstaff Clay Products Co. v. Dixon, 444 So.2d 390 (Ala.Civ.App.1983). J. Haley, Handbook on Alabama’s Workmen’s Compensation Law, 89 (1982).
This case is reversed and remanded. The trial court shall amend its final judgment in this cause in a manner which is consistent with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
•REVERSED AND REMANDED.
All the Judges concur.