This dispute arose out of a paving contract which the plaintiff contends the defendant breached. The trial court, having heard the evidence, found for the defendant. Plaintiff appeals. We affirm the order of the trial court, which is as follows:
"FINAL JUDGMENT
 "This cause was heretofore heard by the Court, submitted by the parties, and taken under advisement. The Court having considered and reconsidered the evidence in the case finds as follows:
 "The plaintiff and the defendant entered into a contract whereby the defendant was to perform certain paving work for the plaintiff for the sum of $18,493.00. The work was performed, passed inspection, and the defendant was paid the full consideration. Subsequent to the completion of the work, and the plaintiff's own evidence is in dispute concerning this point, but sometime between two months and eight months, the plaintiff experienced problems in connection *Page 1041 
with the defendant's work and called upon the defendant to correct same. On two occasions the defendant responded and attempted to repair the alleged defects; and then abandoned the project. The plaintiff contends that he was injured and damaged as a result of the defendant's breach of contract or breach of warranties in connection with the contract.
 "The question before the Court is whether or not the defendant performed the contract as agreed; and in this regard the evidence is in irreconcilable conflict and it becomes the burden of the Court to rule for or against the contentions of the parties. As may be noted, this case has been under advisement for more than two months, and the Court has conscientiously endeavored to arrive at a correct result or answer to the dispute between two reputable business concerns.
 "The tendency of the evidence indicates that the plaintiff's specifications for the work performed by the defendant were inadequate to begin with, calling for four-inch chert base rather than the usually recognized and recommended six-inch chert base. After the defendant submitted the initial bid of $20,277.60, the plaintiff requested another bid, seeking a cost reduction, and changed the specified four-inch chert base to two-inch crushed stone base to be mixed with the sub-base. This was resulting in a savings of $1,784.60, with the net new bid being $18,493.00. The last bid was dated September 23, 1981. It is somewhat perplexing to note that the plaintiff already had a bid from APAC-Alabama, Inc., dated August 12, 1981, in a lesser amount of $17,829.00 or in the alternative low of $16,491.72. The APAC bid specifically provided `Sub-grade preparation to be done by others or at a negotiated price.' It is obvious to the Court that the plaintiff did not expect nor did the defendant contract to do any sub-grade work. The curb and gutter work had already been completed when the defendant began performing the contract with the plaintiff, further evidencing the fact that no sub-grade work was contemplated.
 "The Court cannot say from the evidence presented with any degree of certainty whether the defects on the job were from inadequate performance on the part of the defendant or lack of adequate sub-grade work which the defendant never undertook to perform under the contract. In this state of the proof, and the burden of proof, of course, being on the plaintiff, the court finds the plaintiff has failed to meet the burden of proof.
 "It is, therefore, ORDERED, ADJUDGED and DECREED that the Court finds the issues in favor of the defendant and against the plaintiff.
"Costs are taxed to the plaintiff.
"DONE this the 29th day of June, 1984.
 "/s/ William C. Sullivan
"Presiding Judge"
The plaintiff on appeal recognizes that it has a heavy burden when it seeks a reversal of an order on the ground that the decision is not supported by the evidence. It is the function of a trial judge sitting as factfinder to decide facts where conflicts in the evidence exist. Such was the case here. The appellate courts do not sit in judgment of the facts, and review the factfinder's determination of facts only to the extent of determining whether it is sufficiently supported by the evidence, that question being one of law. No error of law exists in this case, and where there is evidence to support the decision reached by the factfinder, we must affirm its judgment. Pollard v.Guaranty Pest Control, Inc., 346 So.2d 953 (Ala. 1977);Commercial Contractors, Inc. v. Sumar Contractors, Inc., 293 Ala. 271, 302 So.2d 88 (1974); First Alabama Bank of Montgomery v.Coker, 408 So.2d 510 (Ala. 1982).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 1042