495 So.2d 1095 (1986)
Ex parte Carolyn Ann KIRKPATRICK.
(Re WINSTON FURNITURE, INC. v. Carolyn Ann KIRKPATRICK).
84-703.
Supreme Court of Alabama.
January 10, 1986.
C. Harry Green, Hamilton, for petitioner.
Benjamin R. Rice of Williams, Spurrier, Moore, Rice, Henderson & Grace, Huntsville, for respondent.
HOUSTON, Justice.
We granted certiorari to consider a question of first impression, i.e.: In workmen's compensation cases, does the minimum weekly compensation rate as established pursuant to § 25-5-68, Code 1975, apply to nonscheduled permanent partial disability *1096 cases where compensation is provided and governed by § 25-5-57(a)(3)g, Code 1975?
For the facts in this case, see Winston Furniture, Inc. v. Kirkpatrick, 495 So.2d 1092 (Ala.Civ.App.1985).
We affirm the judgment of the Court of Civil Appeals.
Section 25-5-57(a)(3)g, Code 1975, expressly provides that it is "subject to the same maximum weekly compensation as stated in § 25-5-68"; however, there is no provision in § 25-5-57(a)(3)g concerning the minimum weekly compensation specified in § 25-6-68.
Even though the legal maxim expressio unius est exclusio alterius is only a rule of construction and not one of substantive law, Glencoe Paving Co. v. Graves, 266 Ala. 154, 94 So.2d 872 (1957), it is frequently applied to aid this Court in interpreting statutory language. Geohagan v. General Motors Corp., 291 Ala. 167, 279 So.2d 436 (1973); Champion v. McLean, 266 Ala. 103, 95 So.2d 82 (1957). The legislature clearly made benefits payable under § 25-5-57(a)(3)g subject to the maximum benefits specified in § 25-5-68. If it had intended for the minimum benefits specified in § 25-5-68 also to apply to nonscheduled permanent partial disabilities, it could have provided "subject to the same minimum and maximum weekly compensation as stated in § 25-5-68." It did not do this. It made § 25-5-57(a)(3)g subject only to the maximum benefits specified in § 25-5-68. Judge Scruggs, in his opinion for the Court of Civil Appeals, lists the articles and treatises which have interpreted § 25-5-57(a)(3)g as not being subject to the minimum weekly rate set out in § 25-5-68. N. Braswell, Alabama Workmen's Compensation LawA Primer, 44 Ala.Law. 270, 272 (1983); J. Hood, B. Hardy, Jr., E. Saad, Alabama Workmen's Compensation, § 10-10, p. 81 (1982); J. Haley, Handbook on Alabama Workmen's Compensation Law 89 (1982).
The minimum weekly compensation rate as established pursuant to § 25-5-68, Code 1975, does not apply to nonscheduled permanent partial disability workmen's compensation cases where compensation is provided and governed by § 25-5-57(a)(3)g, Code 1975.
In § 25-5-57(a)(3)g cases, the weekly compensation due an employee is computed by multiplying the average weekly earnings by the percentage of disability to earn. The product resulting from multiplication of these two numbers should then be multiplied by 66 2/3 percent, as provided in § 25-5-57(a)(3)g. The product resulting is the weekly compensation due such employee. If the product is greater than the maximum weekly compensation stated in § 25-5-68, Code 1975, then the maximum weekly compensation stated in § 25-5-68, Code 1975, shall be the weekly compensation due such employee, since compensation under § 25-5-57(a)(3)g, Code 1975, is limited to the maximum weekly compensation stated in § 25-5-68, Code 1975.
Using this formula, Ms. Kirkpatrick is entitled to a weekly compensation rate of $28 (see Winston Furniture, Inc., supra.)
The judgment of the Court of Civil Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially).
I write separately to amplify one point: The rational basis for the legislative distinction between the application of the minimum weekly rate to scheduled injuries as opposed to nonscheduled (body-as-a-whole) injuries is found in the different methods of computation applicable to the two types of injuries. Any injury less than total loss of a scheduled member (finger, hand, foot, etc.) results in a reduction of the statutorily prescribed number of weeks allowable for that injury, while permanent partial injury *1097 to the body as a whole leaves the 300-week quotient unchanged.
That is to say, the permanent partial body-as-a-whole formula (2/3 of average weekly wage x percentage of disability x 300) has only one variablethe percentage of permanent partial disabilitysubject, of course, to the statutory maximum weekly payment stated in Code 1975, § 25-5-68. The application of this body-as-a-whole calculation alters the amount of the weekly payments but not the number of weeks. The payment period of 300 weeks remains unaffected regardless of the degree of the employee's permanent partial loss of earning capacity.
Not so, however, with respect to the scheduled injury formula, which reduces the number of weeks allowable according to the percentage of the employee's loss of use of the injured member. Here, the amount of the weekly payments is not determined by the employee's degree of injury. In this latter instance, the percentage of loss of use of the scheduled member affects only the number of weeks for which compensation is payable.
Thus, because of the fundamental difference between the two methods of computing compensation (one for injury of a scheduled member and the other for injury to the body as a whole), the Petitioner's challenge of the latter method as opposed to the former is without merit.
One other point which may recur on remand: The employee may be entitled to payment for a temporary total disability immediately following the injury before the permanent partial formula is applied. This would not be true, of course, if the employer has already paid the employee for this period (either by way of compensation payments or wages), or if the employee suffered no period of total disability. If, for example, the employee was unable to return to work for a period of eight weeks following the accidental injury, this eight-week period would be compensable at the weekly rate of 2/3 of her average weekly wage, not to exceed the weekly maximum. Assuming the employee then returned to work with a permanent partial disability, the eight-week period for temporary total disability would be deducted from the original 300 weeks allowable and the compensation due for the balance of 292 weeks for permanent partial disability would be computed according to the formula set out in this Court's opinion in this case.