We granted certiorari to consider a question of first impression, i.e.: In workmen's compensation cases, does the minimum weekly compensation rate as established pursuant to §25-5-68, Code 1975, apply to nonscheduled permanent partial disability *Page 1096 
cases where compensation is provided and governed by § 25-5-57
(a)(3)g, Code 1975?
For the facts in this case, see Winston Furniture, Inc. v.Kirkpatrick, 495 So.2d 1092 (Ala.Civ.App. 1985).
We affirm the judgment of the Court of Civil Appeals.
Section 25-5-57 (a)(3)g, Code 1975, expressly provides that it is "subject to the same maximum weekly compensation as stated in § 25-5-68"; however, there is no provision in §25-5-57 (a)(3)g concerning the minimum weekly compensation specified in § 25-6-68.
Even though the legal maxim expressio unius est exclusioalterius is only a rule of construction and not one of substantive law, Glencoe Paving Co. v. Graves, 266 Ala. 154,94 So.2d 872 (1957), it is frequently applied to aid this Court in interpreting statutory language. Geohagan v. General MotorsCorp., 291 Ala. 167, 279 So.2d 436 (1973); Champion v. McLean,266 Ala. 103, 95 So.2d 82 (1957). The legislature clearly made benefits payable under § 25-5-57 (a)(3)g subject to the maximum benefits specified in § 25-5-68. If it had intended for the minimum benefits specified in § 25-5-68 also to apply to nonscheduled permanent partial disabilities, it could have provided "subject to the same minimum and maximum weekly compensation as stated in § 25-5-68." It did not do this. It made § 25-5-57 (a)(3)g subject only to the maximum benefits specified in § 25-5-68. Judge Scruggs, in his opinion for the Court of Civil Appeals, lists the articles and treatises which have interpreted § 25-5-57 (a)(3)g as not being subject to the minimum weekly rate set out in § 25-5-68. N. Braswell, AlabamaWorkmen's Compensation Law — A Primer, 44 Ala. Law. 270, 272 (1983); J. Hood, B. Hardy, Jr., E. Saad, Alabama Workmen'sCompensation, § 10-10, p. 81 (1982); J. Haley, Handbook onAlabama Workmen's Compensation Law 89 (1982).
The minimum weekly compensation rate as established pursuant to § 25-5-68, Code 1975, does not apply to nonscheduled permanent partial disability workmen's compensation cases where compensation is provided and governed by § 25-5-57 (a)(3)g, Code 1975.
In § 25-5-57 (a)(3)g cases, the weekly compensation due an employee is computed by multiplying the average weekly earnings by the percentage of disability to earn. The product resulting from multiplication of these two numbers should then be multiplied by 66 2/3 percent, as provided in § 25-5-57 (a)(3)g. The product resulting is the weekly compensation due such employee. If the product is greater than the maximum weekly compensation stated in § 25-5-68, Code 1975, then the maximum weekly compensation stated in § 25-5-68, Code 1975, shall be the weekly compensation due such employee, since compensation under § 25-5-57 (a)(3)g, Code 1975, is limited to the maximum weekly compensation stated in § 25-5-68, Code 1975.
Using this formula, Ms. Kirkpatrick is entitled to a weekly compensation rate of $28 (see Winston Furniture, Inc., supra.)
The judgment of the Court of Civil Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
JONES, J., concurs specially.