ALMON, Justice.
This is an appeal from a judgment entered by the Probate Court of Mobile County, rendering a decree on final settlement of an estate. The appellants are minor children of Nelson Clark, Jr., deceased, and are represented by a guardian ad litem. The appellee, Mary Lee Clark, is the sister of Nelson Clark and is the administratrix of his estate. Appellants claim that the estate suffered losses through mismanagement by the administratrix.
.The probate court overruled the objections made by the guardian ad litem and granted the petition for final settlement. This appeal followed. The administratrix did not file a brief. However, State Farm Fire & Casualty Company, surety under the administratrix’s bond, filed a brief as amicus curiae. Appellants raise three issues: (1) Whether the probate court erred in not charging the administratrix with losses allegedly suffered by the estate as a result of the administratrix’s failure to exercise due care in administering the estate; (2) Whether the order of sale and the sale of decedent’s home are void for failure to comply with Code 1975, § 43-2-452, which requires that evidence by deposition be entered into the record; and (3) Whether the probate court erred in refusing, at final settlement, to review matters covered under its previous orders.
Nelson Clark, Jr., died intestate July 14, 1981. His only heirs were his two minor children. At the time of his death he owned a home, two automobiles, and various household furnishings; all were located in Mobile.
Shortly after her brother’s death, Mary Lee Clark traveled to Mobile from her home in Dothan after having been informed of a break-in of his house. Upon arriving in Mobile, she retained an attorney and filed for letters of administration. She attempted to protect the house from further break-ins and vandalism by boarding up the windows and nailing the doors shut. She arranged with a neighbor of the decedent to store one of the decedent’s automobiles in the neighbor’s yard. Another automobile was stored by the administratrix in her own yard. A few of the household items were sold, and a checking account was opened, using the decedent’s money. These actions were taken by Ms. Clark at the beginning of her administration of the estate. Over the next few months she made mortgage payments, wrote checks *1323 for monthly services for water, electricity, and telephone service, and paid funeral and medical expenses for her brother. In December or January an ice storm caused the pipes to freeze and burst, resulting in substantial damage to the house. Workmen were commissioned to repair the damage. In February the house was broken into a second time.
The administratrix decided that it would be best to sell the property. The house was listed with a real estate agency in May 1982, and a buyer was found. On July 14, 1982, the administratrix petitioned the probate court for an order allowing her to sell the house, automobiles, and remaining personal property. The court granted the petition, entering an order for sale on October 12,1982. The guardian ad litem moved for reconsideration of the order. The motion contained the following allegation, among others: “[T]he mother of the minor children is willing to assume certain debts of the estate in order to avoid the real estate being sold and thus to provide for the minor children [by preserving the house].” On December 30, 1982, the trial court granted the motion, set aside the previous order, and continued the petition. The record contains no further reference to the proposal that the mother assume debts and maintain the house. The parties conducted proceedings, including submitting inventories, and on May 30, 1983, the probate court issued a second order for sale. The sale was held, and further proceedings were conducted, as to which we defer discussion.
We address the appellants’ second issue first — that is, whether the order of sale and the sale are void. Code 1975, § 43-2-452, provides:
“No order for the sale of land belonging to any estate, whether for the payment of debts, or for division, must be made when there are minors or persons of unsound mind or unknown parties interested in such estate, unless the probate court has taken evidence by deposition, showing the necessity of such sale; and such evidence must be taken, whether the allegations in the petition are denied or not by the guardian appointed by the court to represent the minors or persons of unsound mind or unknown parties; and any order of sale and sale, made without a compliance with the requisitions of this section, shall be wholly void.”
(Emphasis added.) See Thompson v. Boswell, 97 Ala. 570, 12 So. 809 (1893).
The only items contained in the record relative to the probate court’s order for sale of the real estate are the petition for sale, the answer of the guardian ad litem objecting to the sale, and the appraisals of the court-appointed commissioners. The court’s order recites, in part: “[B]oth parties in open court waive the right of oral testimony reduced to writing_” Appellants argue that the failure to take depositions will void the sale and that the parties cannot waive this statutory requirement.
Without addressing the general applicability of this statute, we hold that it does not apply in this case because of the pertinent provisions of 1961 Ala.Acts, Act No. 974, p. 1550:
“Section 1. [The] Probate Courts in all counties of this State which now have or may hereafter have a population of over 300,000 and less than 500,000 ... shall have general equity jurisdiction concurrent with that of the Circuit Courts, in equity, of this State, in the administration of the estates of deceased persons....
“Section 4. That in the administration of said estates, such Probate Courts may proceed according to the rules and practice of the Circuit Courts, in equity, of this state, without regard to the statutory requirements provided for the administration of such estates in the Probate Courts of this State, but nothing herein is intended to prohibit such Probate Courts from proceeding in accordance with the statutes relating to the administration of such estates in the Probate Courts of this State generally.”
(Emphasis added.) Counsel for State Farm argues, and we take judicial knowledge, *1324 that this act applies by its terms to Mobile County.
While such a statute, if enacted today, would be void under Const.1901, § 105, as a local law on a subject provided for by a general law, the efficacy of this law was preserved by the prospective operation of Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978). See also Ala. Const. 1901, amend. 389. The local act is directly on point and clearly permits the court to exercise equity jurisdiction and allows the parties to waive the depositions required by § 43-2-452. In fact, the court explicitly exercised its equity jurisdiction in rendering its judgment:
“It appears to the Court that the said petition and accounts are properly before the Court and the Equity Powers and authority conferred upon this Court have been invoked and are now so exercised; and ...
“Upon due consideration of the testimony and evidence heretofore adduced, the briefs, arguments and statements of the attorney for the petitioner and the Guardian ad Litem for the minors, the Court finds that the objections made by the said Guardian ad Litem are due to be overruled and that the petition for final settlement is due to be granted.”
There is no reversible error in the trial court’s failure to require depositions as specified in § 43-2-452.
The principal issue in this case is the guardian ad litem ; contention that the administratrix should be charged with losses resulting from a failure to exercise due diligence in the management of the estate. He claims that she caused such losses:
“1. By failing to take proper care of the real and personal property of the estate.
“2. By incurring improper and unnecessary utility bills in connection with the home place.
“3. By improperly charging the estate with the administratrix’s personal automobile repair expenses.
“4. By failing to earn substantial rental income from the home place of the decedent.
“5. By failing to earn any interest upon the proceeds from the sale of the home place.
“6. In view of the total circumstances of waste and lack of diligence by mismanaging the entire estate in a manner which made necessary the otherwise preventable sale of the home, which would have gone to the minor heirs.”
The standard of care that an administrator owes to the estate is set forth in Lehman, Durr & Co. v. Robertson, Adm’r.:
“The liability of an administrator as to the money of an estate in his hands, is that of an ordinary bailee for hire. He is not regarded as an insurer, and is not liable for the loss of such property where he has shown good faith, and has acted with the diligence usual with good business men under similar circumstances. Ordinary diligence, or that which persons of the same class, of average prudence, are accustomed to bestow upon their own property of like kind, and under similar circumstances, is all that the law exacts of him. And this rule is to be practically applied by a common sense standard of comparison. What is common or ordinary diligence, or the lack of it, is more frequently a question of fact than of law.”
84 Ala. 489, 491, 4 So. 728, 729 (1888). This standard appears to be the rule uniformly applied in all states. See 31 Am.Jur.2d Executors and Administrators §§ 216-17 (1967).
As is suggested by the quotation above, whether the administratrix failed to exercise due diligence in managing the estate is essentially a question of fact. In such instances, the findings of the trier of fact must be accorded great weight. Curtis White Construction Co. v. Butts & Billingsley Const. Co., 473 So.2d 1040 (Ala.1985). The presumption in favor of the judgment in this case is strengthened by virtue of the fact that the Probate Court of Mobile County is statutorily authorized to exercise equity jurisdiction, as explained above.
It appears that the administratrix stepped forward to assume the responsibili *1325 ty of the estate only after necessity required some action and no one else had volunteered for the duty. Furthermore, it appears that the administratrix was frustrated in her earlier attempts to sell the automobiles and the house because of objections by the initial guardian ad litem[1] and because the court rescinded its order allowing the sale of these items. Such decisions as whether to rent the house and what to do with the automobiles and other personal property were affected by these and other factors, such as the administra-trix’s distance from Mobile, and so the question of whether the administratrix exercised due diligence in these matters was peculiarly one for the court in the exercise of its factfinding capacity and its equity powers. We note that the court’s refusal to charge the administratrix with the alleged losses is at least partially offset by its failure to award her commissions.
One of the items complained of by the guardian ad litem, however, is not excusable as resulting from a prohibition by the court or from a decision that looks wrong only in hindsight. In late June of 1983 the administratrix received a check for $23,831.91, representing the net proceeds from the sale of the house. She deposited these funds in a non-interest-bearing account until, on October 4, 1985, the court ordered her to place them in an interest-bearing account. The evidence showed that the average balance in the account from July 1983 through October 1985 was approximately $21,000. At the hearing on the petition for final settlement, the guardian ad litem presented expert testimony tending to prove that the income lost to the estate by failure to keep the funds in an interest-bearing account was $4,959.10. The failure, for such a long period of time, to place such substantial sums in an interest-bearing account was a breach of fiduciary duty resulting in a significant loss to the estate, and the probate court erred in approving the final settlement to the extent that it did not charge the administratrix with the loss of this income. Noble v. Jackson, 124 Ala. 311, 26 So. 955 (1899).
With regard to the third issue, the guardian ad litem states in his brief:
“At trial for the administratrix the surety took the position that the Court was precluded from reviewing and considering issues which had been previously reviewed prior to the court’s orders allowing sale of various items in the estate. Although the trial Court never expressly ruled upon this issue, it did summarily deny the guardian ad litem’s requests for surcharges based upon improprieties surrounding the sale of the home and personal property.”
The issue the guardian ad litem attempts to raise assumes that the probate court refused to consider its previous orders. There is no indication in the final order that the probate court refused to consider the prior orders in reaching its findings and conclusions. This issue presents nothing for review.
The guardian ad litem has filed a motion for allowance of attorney fees for this appeal. The guardian is entitled to such a fee and, upon the remand of this cause, the probate court shall hear evidence as to the amount due and make an appropriate award.
The decree is affirmed in all respects except insofar as it fails to charge the administratrix with the loss of interest income from the proceeds of the sale of the house; it is reversed as to that failure. The cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.

. The present guardian ad litem was appointed only after the administratrix filed her petition for final settlement.