This is a workmen's compensation case.
The employee, Walter Joe Phillips, filed a suit for workmen's compensation benefits against his employer, Vann Express, Inc., alleging compensable injuries arising out of an on-the-job automobile accident. Phillips asserted that the injuries caused him to be permanently and totally disabled. Vann Express admitted the injuries were the result of an on-the-job accident, but denied *Page 297 
that Phillips was permanently and totally disabled as a result.
The case proceeded to trial, and the court found that Phillips was totally and permanently disabled. Vann Express then filed a motion for new trial, or in the alternative, a motion to alter, amend, or vacate the order. Said motions were denied.
Following the court's order denying Vann Express's motion, Phillips died from cancer. Vann Express then filed this appeal, alleging that Phillips had terminal and inoperable cancer at the time of trial and that the court erred in not including in its order a finding of fact that Phillips had cancer. Vann Express further asserts that the cancer was an "infirmity" as defined in section 25-5-58, Code 1975, and, consequently, that Phillips's compensation should have been reduced.
Finally, Vann Express contends that although section25-5-57(a)(5), Code 1975, entitles an employee's surviving spouse and/or dependent children to the balance of his workmen's compensation benefits following death from a cause not related to the on-the-job accident, Phillips's spouse and children should be denied the benefits.
Vann Express bases this contention on its interpretation of the phrase "ascertained by the court" as used in the statute. Specifically, section 25-5-57(a)(5), Code 1975, provides, in pertinent part:
 "If a workman who has sustained a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee's surviving spouse and/or dependent children shall be entitled to the balance of the payments. . . ."
Vann Express maintains that "has been ascertained by the court" means a final and nonappealable judgment or a judgment that has survived the appeals process must exist before a surviving spouse and/or dependent children may recover under section 25-5-57(a)(5).
We disagree and choose to resolve this issue first. In the case of Harris v. Kimerling Truck Parts Co., 504 So.2d 304
(Ala.Civ.App. 1986), we discussed section 25-5-57(a)(5) and found that it "provides for payment to a spouse or dependent children only in the event the degree of disability has been agreed upon or judicially ascertained." However, we have never had occasion to define the phrase "judicially ascertained."
In interpreting a portion of the workmen's compensation statutes, we recognize:
 "The Workmen's Compensation Act should be given a liberal construction to accomplish its beneficent purposes, and all reasonable doubts must be resolved in favor of the employee."
American Tennis Courts, Inc. v. Hinton, 378 So.2d 235
(Ala.Civ.App. 1979) (citation omitted).
Recognizing the aforementioned "beneficent purposes" of workmen's compensation laws, we find the phrase "judicially ascertained" to require that a court of competent jurisdiction consider the matter and then enter a final order setting forth the extent of the injured employee's disability.
We find that this particular statutory language reflects legislative intent to insure that disability determinations not be made following an employee's death. We cannot agree with Vann Express's position that section 25-5-57(a)(5) requires that a judgment be entered and that said judgment be taken through the appeals process before the disability can be considered "judicially ascertained."
Vann Express's position would compromise the "beneficent purposes" of the Workmen's Compensation Act. On the other hand, our interpretation would be more in keeping with this basic statutory goal.
It is a settled rule of statutory construction that when attaching one meaning to a term as opposed to another we may properly examine the opposing outcomes for guidance in selecting the right interpretation. State v. Calumet HeclaConsolidated Copper Co., 259 Ala. 225, 66 So.2d 726 (1953). *Page 298 
Having engaged in this type of analysis, we find that our interpretation of the term "judicially ascertained" produces the workable and fair result. Accordingly, we find that Mr. Phillips's spouse and/or dependent children are entitled to his disability benefits subject to the other restrictions of section 25-5-57(a)(5).
We now turn to Vann Express's other contentions concerning the court's failure to find that Mr. Phillips had cancer and, correspondingly, its failure to reduce Mr. Phillips's award by finding his cancer to be an infirmity as defined by section25-5-58, Code 1975.
Having examined the record, we find the following stipulation existing between the parties:
 "[W]e stipulate and agree that there will be no claim or attempt by the plaintiff's attorney to relate the fact that the man now has cancer with the accident. . . ."
Further, we note that the parties also stipulated "that the principal issue, the only issue in this case, is the degree of disability. . . ."
Parties may stipulate the issues in a case with the consequence that said stipulations are binding. Reese FuneralHome v. Kennedy Electric Co., 370 So.2d 1030 (Ala.Civ.App. 1979). Similarly, if the parties stipulate as to certain facts the court considers them true. Champion International Corp. v.State, 405 So.2d 932 (Ala. 1980).
The trial court obviously considered the parties' stipulations as to the cancer and the disability to be true. Consequently, Vann Express is precluded from raising these issues on appeal. Spradley v. State, 414 So.2d 170 (Ala.Cr.App. 1982).
Nevertheless, even a cursory review of the record reveals that the findings of the trial court as to Mr. Phillips's disability are amply supported by legal evidence. Our review in workmen's compensation cases is limited to an examination of whether the findings are supported by legal evidence and whether the law was properly applied. Ala-Miss Enterprises v.Beasley, 446 So.2d 644 (Ala. 1984).
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.