MONROE, Judge.
In 1992, Roy A. Gibbs, Sr., while working for Jim Walter Resources, Inc., suffered a work-related injury. He had suffered a previous work-related injury. Because of this second injury, he was determined to be entitled to benefits under the Second Injury Trust Fund (SITF). He received benefit payments from the SITF, until he died in 1998. He died of a cause unrelated to his work-related accidents.
After his father’s death, Roy A. Gibbs, Jr., and other dependents filed a declaratory judgment action seeking a continuation of the workers’ compensation benefits, claiming they, as dependents, were entitled to receive benefits. The parties filed a stipulation of facts and briefs in support of their arguments. The trial court denied the declaratory judgment, holding that the SITF had no obligation to make benefit payments to the dependents. Gibbs, Jr., and other surviving dependents appealed to this court, claiming that the trial court’s order was erroneous. We agree.
The facts are not in dispute; we are to determine only whether the. trial court properly applied the law to those facts. A trial court’s decisions on legal issues are reviewed de novo and are not entitled to a presumption of correctness on appeal. Stewart v. Goodyear Tire & Rubber Co., 686 So.2d 1225 (Ala.Civ.App.1996).
The trial court’s order states that the parties stipulated to the following facts. The worker was injured while working in the line and scope of his employment with Jim Walter Resources, Inc., on March 28, 1992. He had previously suffered work-related injuries. The worker was found to be qualified for, and entitled to receive, benefits under the SITF. The SITF paid him benefits until he died in July 1998.
Section 25-5-57(a)(5), Ala.Code 1975, reads:
“(5) DEATH FOLLOWING DISABILITY. — If an employee sustains an injury occasioned by an accident arising out of and in the course of his or her employment and, during the period of disability caused thereby, de'ath results proximately therefrom, all payments previously made as compensation for the injury shall be deducted from the compensation, if any, due on account of death. If an employee who [sic] sustains a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has *250 been ascertained by the court, and death results not proximately therefrom, the employee’s surviving spouse or dependent children or both shall be entitled to the balance of the payments which would have been due and payable to the worker, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, however, the amount that would have been due the surviving spouse or dependent children or both if death had resulted proximately from an injury on account of which compensation is being paid to an employee.”
Because the worker died from causes unrelated to his work-related accident, the second sentence of § 25 — 5—5V(a)(5) is controlling.
The statute is clear: When the amount of disability benefits due the worker has been established, if the worker then dies from a cause unrelated to the work-related injury, his dependents are entitled to the benefits that would have been due to the worker. “Essentially, the [dependent] steps into the shoes of the worker, to continue receiving the benefits owed.” Chatham Steel Corp. v. Shadinger, 768 So.2d 969 (Ala.Civ.App.1999). However, the dependents cannot recover more benefits than the maximum they would have been entitled to had the worker died from his work-related injury. Section 25-5-60, Ala.Code 1975, provides the maximum amount of benefits allowed in cases in which the worker dies from a work-related injury. “In other words, if a worker is entitled to receive workers’ compensation disability benefits, but dies of an unrelated cause, his dependents are entitled to those benefits, or to the maximum amount of benefits they would have received had he died of a work-related injury, whichever amount is lower.” Chatham Steel Corp., 768 So.2d at 971.
Under the statute, when a worker dies from a cause unrelated to his work-related injury, in order for the worker’s dependents to be entitled to recover benefits, the amount of the worker’s disability benefits he was entitled to must have been established. In denying the dependents benefits, the trial court found that “there was no agreement as to the amount of future payments due or to any specific degree of disability, [and] therefore [that there was] no balance of payments due.” However, under 25-5-57(a)(5), an agreement is not required when the court has ascertained the degree of permanent total disability. In Vann Express, Inc. v. Phillips, 539 So.2d 296, 297 (Ala.Civ.App.1988), discussing § 25-5-57(a)(5) and the phrase “judicially ascertained,” our supreme court stated: “[W]e find the phrase ‘judicially ascertained’ to require that a court of competent jurisdiction consider the matter and then enter a final order setting forth the extent of the injured employee’s disability.” The Alabama Supreme Court further stated that the “particular statutory language reflects legislative intent to insure that disability determinations not be made following an employee’s death.” Phillips, 539 So.2d at 297.
In July 1994, the court entered an order finding that in 1992 the worker had suffered previous injuries and that he had sustained a 15% permanent disability for the loss of his left eye; a 21% permanent partial impairment for an injury to his right leg; and a 64% permanent impairment for a back and spinal-cord injury. After sustaining these injuries, Gibbs suffered an additional injury for which he sought compensation from the SITF. In its 1994 order, the court further stated that the worker was “entitled to be paid pursuant to the Second Injury Trust Fund for total permanent disability as set out hereafter.” The court ordered that he receive *251 $165 per week from the SITF, until December 1997. At that time, the SITF was to pay the worker $385 per week throughout his disability.
SITF argues that because the order provides that SITF was to pay the worker benefits “throughout his disability,” SITF’s obligation ceased when the worker’s disability ceased. SITF argues that his disability ended at his death. Thus, SITF claims the dependents are not entitled to any further payments. This argument is directly contrary to the language and the legislative intent of § 25-5-57(a)(5).
The trial court erred in holding that the worker’s dependents were not entitled to benefits under § 25-5-57(a)(5). Therefore, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.-
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.