This is a child custody modification case.
Brenda J. Phillips (mother) and Kenneth Phillips (father) divorced in 1987. Custody of the parties' two children was awarded to the mother, subject to visitation with the father, and the father was ordered to pay support. The evidence disclosed that following the divorce, both parties continued to reside within the same area and that the parties had frequent contact with the children and with each other. The record reveals that from February 1989, until the end of school in May 1989, the children resided with the father for the convenience of the mother. The children then returned to the care of the mother. By agreement of the parties, from August 1991, until the date of the hearing in June 1992, the children again resided primarily with the father for school purposes and for the convenience of the mother.
The record disclosed that since the divorce and while the children were living with the mother, the mother had moved frequently and had resided at several different places. The mother had recently moved to an apartment in Daleville, Alabama. The father has continued to reside in the marital residence. He had shared this residence with his girlfriend for approximately three and one-half years prior to the hearing. The mother has had relationships with other men; however, there was no evidence that any sexual conduct occurred in the presence of the children. After the close of the 1992 school year, the father filed this petition seeking custody of both children. Following ore tenus proceedings, the trial court ordered a change in custody from the mother to the father, and the mother appeals.
The mother contends that the trial court erred in refusing to find that the father's sexual misconduct with the live-in girlfriend *Page 412 
and a seventeen-year-old had a detrimental effect upon the children; that the order of the trial court changing custody is contrary to the holding in Ex parte Couch, 521 So.2d 987 (Ala. 1988); and that the trial court applied the wrong standard for a change of custody.
At the outset, we note that our standard of review is very limited in cases where the evidence is presented ore tenus. A custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal,Payne v. Payne, 550 So.2d 440 (Ala.Civ.App. 1989), and Vailv. Vail, 532 So.2d 639 (Ala.Civ.App. 1988), and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow. Gamblev. Gamble, 562 So.2d 1343 (Ala.Civ.App. 1990); Flowers v.Flowers, 479 So.2d 1257 (Ala.Civ.App. 1985).
This court pretermits as unnecessary a detailed summary of the evidence. The mother argues that the trial court's refusal to find the father's sexual misconduct to have a detrimental effect on the children was against the great weight of the evidence. There was testimony regarding the father's indiscreet behavior, and the trial court noted its disapproval of the father's living with a woman without the benefit of marriage. In custody cases, indiscreet behavior, such as living with someone of the opposite sex without the benefit of marriage, is a factor to be considered, and there must be evidence presented showing that such misconduct has a substantial detrimental effect on the children. Smith v. Smith, 464 So.2d 97
(Ala.Civ.App. 1984). Such misconduct is not evidence of a substantial detrimental effect on a child in the absence of any proof of harm to the child. Jones v. Haraway, 537 So.2d 946, 947
(Ala.Civ.App. 1988). The record supports the trial court's conclusion that there had been no such detrimental effect caused by the father's living arrangements or by his other relationship. We find no abuse of discretion in the trial court's conclusion.
The mother next argues that the trial court's order is violative of our holding in Ex parte Couch, supra. We disagree. In its order, the trial court concluded
 "After hearing the totality of the evidence and considering the legal arguments of both parties the court concludes that the children will be best served by formalizing the physical possession arrangement which had been mutually agreed upon by both parties. The court believes that the present living arrangement has been of great benefit to the children and therefore the arrangement should become official and should continue until it is in the best interest of the children to modify or change the said arrangement."
This finding and conclusion are not incompatible withCouch, supra, and are consistent with the holding in Garrisonv. Garrison, 557 So.2d 1277 (Ala.Civ.App. 1990). The trial court heard several witnesses, including the oldest child, observed the demeanor of the parties and the witnesses, and ordered a change in custody to the father. In considering the testimony, the trial court properly applied the criteria for a change in custody established in Ex parte McLendon,455 So.2d 863 (Ala. 1984), that such a change must materially promote the welfare and best interests of the children and that the benefits of such a change must outweigh any disruptive effect caused by that change.
The trial court heard testimony reflecting the educational and recreational activities of the children, the work schedules of the parties, the numerous changes of residence while the children were living with the mother, the desires of the oldest child, and the mother's financial situation. The trial court found both parents to be fit to raise and nurture the children; nevertheless, the trial court concluded that changing custody to the father would materially promote the best interests of the children. After a careful review of the record, we *Page 413 
cannot say that the trial court abused its discretion in placing custody of the children with the father.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.