Joseph and Debi Perkins were divorced in 1987, when their daughter was four years old. The court adopted the Perkinses' divorce agreement, which granted custody of the child to the mother, as part of its judgment of divorce. In 1991, the father filed a petition to modify the custody agreement. The mother maintained that the child was perfectly happy and well-adjusted. The father, who had since remarried and had had another child by this second marriage, testified that the child was behaving oddly and was not properly cared for by the mother. The facts of the case were vigorously disputed, and there was conflicting testimony both from experts and from the many lay witnesses. The trial court denied the father's petition, stating:
 "[T]he court does not find the evidence to be clear and convincing to the point that there has been a material change in circumstances justifying a change in custody, nor does the court find that the Plaintiff has proven the Defendant to be unfit to continue to have custody of the minor child. . . ."
The father appealed. The Court of Civil Appeals held that the trial court had applied the wrong standard. We agree. The standard cited by the trial court was not the standard it should have applied in this case. The standard applied appears to be the standard set out in Ex parte Terry, 494 So.2d 628
(Ala. 1986), which applies in the case of a nonparent seeking to overcome the superior right of a parent to custody of his or her child. A parent seeking to gain custody of the child that he or she has previously given up, either voluntarily or because of a judgment, must show, by a preponderance of the evidence, that the change would materially promote the child's welfare. This would include a showing that the benefit gained by the change would more than offset the inherently *Page 47 
disruptive effect caused by uprooting the child. Ex parteMcLendon, 455 So.2d 863 (Ala. 1984); Ex parte Couch,521 So.2d 987 (Ala. 1988).
The Court of Civil Appeals properly held, as a matter of law, that the trial court had applied the wrong standard to the facts of this case. Having so held, that court should have reversed the judgment and remanded the cause to allow the trial court to make its determination from the disputed evidence, using the correct standard. However, a majority of the Court of Civil Appeals reviewed the evidence that had been presentedore tenus at trial, and held:
 "After a complete review of the record . . ., we conclude that the best interests of the child would be served by granting the father's requested modification of the custody order. In applying the McLendon standard, and taking into consideration the presumptions that apply to evidence presented ore tenus, this court holds that the trial court abused its discretion in not awarding custody to the father."
Perkins v. Perkins, 646 So.2d 43, 45 (Ala.Civ.App. 1993).
The trial court heard this case without a jury. When evidence is presented ore tenus to the trial court, the court's findings of fact based on that evidence are presumed to be correct. However, in this case, the ore tenus rule had no application because the question presented to the Court of Civil Appeals was not based on a finding of fact; rather, it was one of law — whether the trial court had applied the correct standard of review.
Once the Court of Civil Appeals answered that question, it should have remanded the case for the trial court to consider the evidence in light of the McLendon standard. See, e.g., Exparte McLendon, supra; Ex parte Jones, 620 So.2d 4 (Ala. 1992);Phillips v. Phillips, 622 So.2d 410 (Ala.Civ.App. 1993);Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App. 1992). The trial court is in the best position to make a factual determination — it hears the evidence and observes the witnesses.
Appellate courts do not sit in judgment of disputed evidence that was presented ore tenus before the trial court. CurtisWhite Construction Co. v. Butts Billingsley Construction Co.,473 So.2d 1040 (Ala. 1985).
 "[O]ur standard of review is very limited in cases where the evidence is presented ore tenus. A custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal, Payne v. Payne, 550 So.2d 440 (Ala.Civ.App. 1989), and Vail v. Vail, 532 So.2d 639 (Ala.Civ.App. 1988), and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow. Gamble v. Gamble, 562 So.2d 1343 (Ala.Civ.App. 1990); Flowers v. Flowers, 479 So.2d 1257
(Ala.Civ.App. 1985)."
Phillips v. Phillips, 622 So.2d at 412.
Only where the findings are not supported by the evidence and are clearly erroneous should an appellate court decide that the facts are not as the trial court found them to be.Jones, 620 So.2d at 7; Curtis White, 473 So.2d at 1041. The fact that the trial court clearly applied the incorrect law to the facts does not authorize the appellate courts to examine the evidence de novo. Phillips v. Phillips, supra; Ex parteMcLendon, supra; Curtis White Construction Co. v. Butts andBillingsley Construction Co., supra.
To the extent that the Court of Civil Appeals reversed the judgment of the trial court, its judgment is affirmed; however, to the extent its judgment directed the trial court to award custody to the father, its judgment is reversed; and the cause is remanded for the entry of an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, ALMON, SHORES, STEAGALL and INGRAM, JJ., concur. *Page 48