ROBERTSON, Presiding Judge.
On June 7, 1995, Russell S. Dyson, Sr., filed a complaint in the Mobile County Circuit Court, seeking a divorce from his wife, Rebecca L. Dyson, and custody the parties’ minor child. That same day, the wife filed an answer and waiver and a copy of an agreement entered between the parties. The agreement provided that each party was to receive the property in his or her possession; that neither party would receive alimony; that the husband would have custody of the minor child; that the wife was to pay $110.20 per month child support; and that the husband would provide hospital and medical insurance for the minor child. On July 7, 1995, the trial court entered a judgment, divorcing the parties and ratifying and incorporating the parties’ agreement into the judgment. On August 7, 1995, the wife filed a motion to vacate the divorce judgment and for a new trial, seeking custody of the minor child. Following a hearing, the trial court entered an order denying the wife’s motion and appointing a guardian ad litem to represent the minor child in any future proceedings.
On October 10, 1995, the wife filed a motion to modify, again seeking custody of the minor child. On November 7, 1995, the husband filed a motion to strike the wife’s motion, an answer to the wife’s motion, and a motion to increase the wife’s child support obligation. On December 13, 1995, the wife amended her motion to modify.
Following an ore tenus proceeding, the trial court entered a judgment on March 27, 1996, awarding custody of the minor child to the wife and granting the husband certain visitation. The wife was ordered to pay the husband $483.20 in child support arrearages, to maintain health insurance for the minor child, and to continue counseling “to help [her] understand her parental responsibilities.” The husband was ordered to pay, among other things, $360 per month in child support and a fee of $750 to the guardian ad litem. On April 16,1996, the husband filed a motion for a new trial; the trial court denied the motion on May 2,1996.
The husband appeals, contending that the trial court applied the wrong standard of *126 review to the modification proceeding and that the trial court erred in granting the wife’s motion to modify.
Where the question presented on appeal is one of law, the ore tenus rule has no application. Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994). Where the trial court has applied the wrong standard of review, this court must reverse the judgment and remand the case for the trial court to consider the evidence in light of the correct standard. Id.
If custody has not previously been determined, then the “best interests” standard is appi'opriate. Ex parte Couch, 521 So.2d 987 (Ala.1988). However, it is well-established law in Alabama that once a parent has been awarded custody of a child, the noncustodial parent seeking a change in custody has the heavy burden of proving that a change of custody would materially promote the child’s best interests and welfare and that the benefits of such a change would outweigh the disruptive effect caused by the change. Ex parte McLendon, 455 So.2d 863 (Ala.1984); Powell v. Boyd, 601 So.2d 1039 (Ala.Civ.App.1992). The judgment of divorce awarded custody of the minor child to the husband; therefore, there had been a previous judicial determination of custody, and the McLendon standard applies. Ex parte Bryowsky, 676 So.2d 1322 (Ala.1996).
During the questioning of an expert in the modification proceeding, the guardian ad litem stated that “there has not been an official adjudication of custody.” The wife’s attorney interjected, stating, “Judge, obviously the McLendon standard doesn’t apply,” to which the trial judge replied, “I understand, but I do want her to touch on this.” Based on the foregoing statements and our examination of the record, we conclude that the trial court treated the modification proceeding as an initial custody determination and applied the “best interests” standard. Accordingly, we reverse the trial court’s March 27, 1996, judgment awarding custody of the minor child to the wife, and we remand this cause for the trial court to consider the evidence in light of the McLendon standard. Ex parte Perkins, supra.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs in the result.