Otha Phillip Patronas ("the father") and Deborah K. Patronas ("the mother") were divorced in 1990. The trial court awarded custody of the two minor children to the mother. In 1995, the father petitioned for *Page 474 
custody, which the trial court granted. The mother appealed. The Court of Civil Appeals reversed, holding as follows:
 "[T]he record contains extensive testimony, much of which was disputed, concerning the respective lifestyles of the mother and the father. The record, however, discloses no disputed evidence concerning the dispositions of the children.
". . . .
 "We are aware that this court is not allowed to reweigh the evidence in a case like this one. Ex parte Bryowsky [, 676 So.2d 1322 (Ala. 1996)]. However, our thorough and careful review of the record fails to uncover sufficient evidence to support the trial court's award of custody to the father. It is not the weight of the evidence that concerns this court. It is the lack of evidence.
 "The father had the burden of showing that the mother's living arrangement had a detrimental effect on the children and that transferring custody to him would materially promote the best interests of the children. Butts v. Startley, 600 So.2d 310 (Ala.Civ.App. 1992). While we are concerned with the allegations regarding the mother's drug addiction, from the record before us, we cannot say that her alleged addiction has had a detrimental effect on the children. All parties agree that the children are well adjusted, well disciplined, and well cared for. In all, the evidence simply does not justify uprooting the children from their present home and present school environment. Whitfield [v. Whitfield, 570 So.2d 700
(Ala.Civ.App. 1990)].
 ". . . In this case, we find that the father failed to meet that burden. We find the trial court's order to be clearly erroneous. Ex parte Bryowsky."
Patronas v. Patronas, 693 So.2d 469 (Ala.Civ.App. 1996).
The father petitioned for certiorari review, which this Court granted to determine whether the trial court had properly awarded custody of the minor children to the father.
The father maintains that he carried the burden imposed underEx parte McLendon, 455 So.2d 863 (Ala. 1984), and that the Court of Civil Appeals erred by reweighing the evidence, Exparte Bryowsky, 676 So.2d 1322 (Ala. 1996), and by not according the trial court's custody order the proper presumption of correctness, Phillips v. Phillips, 622 So.2d 410
(Ala.Civ.App. 1993). According to the father, he presented sufficient evidence to establish that the mother's living situation was unstable and put the children at risk, both physically and psychologically; that there had been a great deal of improvement in his lifestyle and circumstances; and that he was a fit and proper person to have custody of the children — that is, that he presented sufficient evidence to show that there had been a material change in circumstances and that a change in custody would materially promote the best interests of the children and would more than offset the disruptive effect caused by that change.
Although the trial court did not make specific findings of fact, a review of the record indicates that the court heard extensive testimony from the mother, the father, the minor children, character witnesses, and expert witnesses, much of which was disputed, concerning the mother's alleged drug use, the lifestyles of the mother and the father, the environment each of the parties could provide, and the alleged risk the children were exposed to while in the mother's custody. This Court stated in Ex parte Bryowsky, 676 So.2d 1322, 1324-26
(Ala. 1996):
 "When evidence in a child custody case has been presented ore tenus to the trial court, that court's findings of fact based on that evidence are presumed to be correct. The trial court is in the best position to make a custody determination — it hears the evidence and observes the witnesses. Appellate courts do not sit in judgment of disputed evidence that was presented ore tenus before the trial court in a custody hearing. See Ex parte Perkins, 646 So.2d 46, 47 (Ala. 1994), wherein this Court, quoting Phillips v. Phillips, 622 So.2d 410, 412 (Ala.Civ.App. 1993), set out the well-established rule:
 " ' "Our standard of review is very limited in cases where the evidence is presented ore tenus.
A custody determination of the trial court entered upon oral *Page 475 
testimony is accorded a presumption of correctness on appeal, Payne v. Payne, 550 So.2d 440 (Ala.Civ.App. 1989), and Vail v. Vail, 532 So.2d 639 (Ala.Civ.App. 1988), and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow. Gamble v. Gamble, 562 So.2d 1343 (Ala.Civ.App. 1990); Flowers v. Flowers, 479 So.2d 1257
(Ala.Civ.App. 1985)." '
 "It is also well established that in the absence of specific findings of fact, appellate courts will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. See the cases collected at 3 Ala. Digest 2d Appeal Error
§ 846(5) (1993).
". . . .
 "Neither the Court of Civil Appeals nor this Court is allowed to reweigh the evidence in this case. This case, like all disputed custody cases, turns on the trial court's perception of the evidence. The trial court is in the better position to evaluate the credibility of the witnesses . . . and the trial court is in the better position to consider all of the evidence, as well as the many inferences that may be drawn from that evidence, and to decide the issue of custody."
Suffice it to say, without an in-depth recitation of the facts, that after thoroughly reviewing the record, we find it apparent that the Court of Civil Appeals "reweighed" the evidence in this case and substituted its judgment for that of the trial court when, in fact, its review was limited to whether there was evidence to support the trial court's judgment. There was sufficient evidence to support the trial court's apparent finding (see Ex parte Bryowsky, supra, holding that in the absence of specific findings of fact, appellate courts will presume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous) that the change in custody would materially promote the children's best interest and that the benefits of the requested change would more than offset the inherently disruptive effect caused by uprooting the children.Ex parte McLendon, supra.
The judgment of the Court of Civil Appeals is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, and SEE, JJ., concur.
KENNEDY and COOK, JJ., dissent.