W.T.M. appeals from the trial court's judgment ordering that his child remain in the custody of the Alabama Department of Human Resources ("DHR").
In May 1997, DHR petitioned for custody of the child, alleging that the child was dependent and should be placed with DHR. The child's father was unknown at the time. Apparently, the mother stipulated to the child's dependency, and the trial court placed temporary custody of the child with DHR. Paternity tests were completed in February 1998; they established that W.T.M. was the child's father. In March 1998, W.T.M. and his sister, S.B., petitioned for joint custody of the child. A hearing was held and on August 7, 1998, the court entered a judgment finding that it was in the child's best interest for her to remain in the custody of DHR, and ordering that she remain with DHR.
On August 21, 1998, DHR filed a post-judgment motion, which the court granted on September 2, 1998. In granting the post-judgment motion, the court amended its prior judgment to state that DHR had made reasonable efforts to prevent removal and ordered DHR to increase the father's visitation. In its order *Page 1121 
of September 2, 1998, the court also denied post-judgment motions that had been filed by W.T.M. and S.B.
W.T.M.'s attorney made a motion to withdraw and the court granted the motion. On September 9, 1998, the trial court appointed S.B.'s attorney to represent W.T.M. on appeal. W.T.M.'s new counsel filed a notice of appeal on September 18, 1998. Thus, W.T.M. failed to appeal the judgment within the 14-day period allowed by § 12-12-70(a), Ala. Code 1975; see also Rule 55(dc), Ala.R.Civ.P. Section 12-12-70(a) provides that a notice of appeal from a judgment of the district court must be filed "within 14 days from the date of the judgment." The court had denied W.T.M.'s post-judgment motion and amended its judgment on September 2, 1998. The notice of appeal should have been filed by September 16, 1998; it was filed on September 18, 1998.
On September 21, 1998, W.T.M.'s counsel filed a motion to extend the time for filing an appeal pursuant to Rule 77(d), Ala.R.Civ.P. stating:
 "1. Notice that counsel was appointed for this appeal is received on 9-15-98, the final day to appeal [sic] from the last order of this court.
 "2. Counsel was preparing for a trial set 9-16-98 p.m. in this court and neglected to review the date of the last order and also mistakenly calculated the 14 day appeal period based upon the date she was ordered as appointed for the appeal.
 "3. Attorneys for DHR, the mother and the child have no objection to the extension."
The trial court granted the motion and entered an order purporting to extend the time for appeal.
Rule 77(d), provides:
 "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."
Pursuant to Rule 77(dc), Ala.R.Civ.P., Rule 77(d) applies to district courts.
Rule 77(d), exclusively, governs the situation in which a litigant claims that the clerk's office failed to give notice of the entry of the trial court's judgment. Lindstrom v. Jones,603 So.2d 960 (Ala. 1992). "The intent of Rule 77(d) was to allow an out of time appeal where fault for the untimely appeal does not lie with the party seeking to appeal." Moser v. Crayton, [Ms. 2970718, October 9, 1998] ___ So.2d ___ (Ala.Civ.App. 1998).
W.T.M. does not contend that notice of the judgment was not provided. There is no claimed error by the clerk's office. In fact, the basis for the extension is a mistaken calculation by W.T.M.'s counsel. Thus, Rule 77 is not applicable, and the trial was not authorized to extend the time for appeal. Consequently, W.T.M.'s notice of appeal is untimely and, therefore, this court lacks jurisdiction to consider this appeal. "An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Rule 2(a)(1), Ala.R.App.P. Because this court is without jurisdiction, it is required to dismiss the appeal ex mero motu. Burton v. Burton,710 So.2d 1257, 1258 (Ala.Civ.App. 1997).
 APPEAL DISMISSED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ. concur. *Page 1122