771 So.2d 475 (2000)
Ex parte R.T.S.
In re B.L.S.
v.
R.T.S.
1981967.
Supreme Court of Alabama.
January 7, 2000.
Rehearing Denied March 31, 2000.
Lawrence J. Hallett, Jr., Mobile, for petitioner.
Kent Baxley, Mobile, for respondent.
*476 HOUSTON, Justice.
In a divorce judgment the trial court awarded custody of the parties' four children to the father, R.T.S. The mother, B.L.S., appealed. The Court of Civil Appeals affirmed part of the trial court's judgment, but reversed that part of the judgment awarding custody of the children to the father. See B.L.S. v. R.T.S., 771 So.2d 470 (Ala.Civ.App.1999), for a more detailed discussion of the facts of the case. Judge Crawley dissented from the reversal of the custody award, stating:
"The trial court, after hearing the testimony and observing the witnesses, made the determination that the children's best interests would be served by the children's being placed in their father's custody. Because of the ore tenus presumption, I would not disturb that portion of its judgment."
We granted certiorari review pursuant to Rule 39, Ala. R.App. P., but only as to the custody issue. We reverse and remand.
The sole issue on this review is whether the trial court's finding that custody of the children should be awarded to the father is clearly erroneous.
Child-custody cases are among the most perplexing and heart-wrenching that appellate judges are called upon to review. We can rarely discern from a cold record exactly what kind of custody arrangement would be in the best interests of children already struggling to cope with the breakup of their family. For this reason, in such cases this Court has consistently adhered to a well-established standard for reviewing a trial court's factual findings based on disputed testimony. In Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996), this Court stated:
"When evidence in a child custody case has been presented ore tenus to the trial court, that court's findings of fact based on that evidence are presumed to be correct. The trial court is in the best position to make a custody determination it hears the evidence and observes the witnesses. Appellate courts do not sit in judgment of disputed evidence that was presented ore tenus before the trial court in a custody hearing. See Ex parte Perkins, 646 So.2d 46, 47 (Ala. 1994), wherein this Court, quoting Phillips v. Phillips, 622 So.2d 410, 412 (Ala. Civ.App.1993), set out the well-established rule:
"`Our standard of review is very limited in cases where the evidence is presented ore tenus. A custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal, Payne v. Payne, 550 So.2d 440 (Ala. Civ.App.1989), and Vail v. Vail, 532 So.2d 639 (Ala.Civ.App.1988), and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow. Gamble v. Gamble, 562 So.2d 1343 (Ala.Civ.App.1990); Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App. 1985)."'
It is also well established that in the absence of specific findings of fact, appellate courts will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. See the cases collected at 3 Ala. Digest 2d Appeal & Error § 846(5) (1993)."
See also Ex parte Patronas, 693 So.2d 473 (Ala.1997).
Although it is difficult enough for a trial court to determine what custody arrangement would be in a child's best interests, that court is far better situated than an appellate court to make the credibility determinations that are necessary to any custody ruling. Neither the Court of Civil Appeals nor this Court may reweigh the evidence and substitute its judgment *477 for that of the trial court. The trial court must be allowed to be the trial court; otherwise, we (appellate court judges and justices) risk going beyond the familiar surroundings of our appellate jurisdiction and into an area with which we are unfamiliar and for which we are ill-suited factfinding.
Although the trial court did not specifically state any findings of fact, the record indicates that the court heard extensive testimony from the mother, the father, character witnesses, expert witnesses, and one of the minor children, much of which was disputed, concerning the caregiving abilities and the lifestyles of the respective parents. Suffice it to say that the evidence presented a close question for the trial court. After thoroughly reviewing the record, we conclude that the Court of Civil Appeals reweighed the evidence and substituted its judgment for that of the trial court when, in fact, its review should have been limited to the question whether there was evidence to support the trial court's judgment. The evidence was sufficient to support the trial court's implicit finding that it would be in the children's best interests to live with their father.
To the extent it reversed the trial court's custody award, the judgment of the Court of Civil Appeals is reversed. The case is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.