YATES, Presiding Judge.
The father appeals from a judgment awarding the mother $9,461.51 in child-support arrears plus $8,281.99 as interest resulting from a default judgment entered in 1994. The parties were divorced in November 1979; the mother was awarded custody of the parties’ minor child, with visitation by the father. The court did not award child support. In 1985, the State of Alabama, on behalf of the mother, filed a child-support action; the court entered an order establishing the father’s child-support obligation at $95 per month. In 1989, pursuant to a contempt petition, the father’s child-support obligation was increased to $180 per month. In 1993, the mother petitioned for back child support from the date of the divorce, November 14, 1979, through October 21, 1985 (the date the father was first ordered to pay child support). In January 1994, the court entered a default judgment against the father for $15,496.05, representing support and maintenance of the child for the years 1979 through 1985. The father did not appeal that default judgment. In June 1995, after his wages had been garnished, the father moved to set aside that default judgment. The court denied his motion in August 1995; he did not appeal the court’s ruling.
In August 1998, in circuit court, the State, on behalf of the mother, filed a contempt petition against the father, alleging that he owed $10,063.67 in child-support arrears plus $5,853.61 in interest on the 1989 judgment. On September 25, 1998, the parties entered into an agreement whereby the father was to pay $200 per month toward his child-support arrears. The father, on October 21, 1998, filed a letter with the court which it treated as a pro se motion to alter, amend, or vacate the judgment; the court set the case for a hearing. In October 1998, the State filed a contempt petition in the district court, alleging that the father owed $12,795.88 in child support payments plus $6,236.69 interest on the 1985 judgment; that petition was later dismissed at the request of the State.
According to the case action summary, this case was transferred and reassigned to several judges between 1998 and 1999; the court ultimately heard the case in an *1180 ore tenus proceeding, on March 10, 2000, and July 17, 2000. The court, on July 26, 2000, entered an order, stating, in part:
“1. The previous Order of the Court at issue is a default Order entered on January 12,1994 ordering the [father] to pay the sum of $15,496.05 for support and maintenance of the parties’ minor child for the period of time from November 14, 1979 until October 21, 1985. The [father] did not appeal that order.
“2. Subsequent to that Order, the [father] filed a Motion to Set Aside Default Judgment and Dismiss Garnishment on June 19, 1995. In that motion, the [father] contended that the January 12, 1994 Order was void for, among other reasons, lack of subject matter jurisdiction. That motion was heard and argued at a hearing on August 11, 1995 where both the [mother] and [the father] were represented by counsel. It appears to the Court that this Motion was treated as a Rule 60(b) Motion to Alter, Amend or Vacate the Judgment. In an Order dated August 16, 1995, Judge Jeri Blankenship denied the [father’s] motion and confirmed the judgment. The [father] did not appeal that denial.
“3. In August 1998, the State of Alabama, on behalf of the [mother,] filed a Contempt Petition to attempt to secure a payment plan toward the judgment. The [father] first entered into an agreement to pay $200.00 per month on the judgment, then sent a letter to Judge James P. Smith contesting the validity of the original order. Judge Smith treated that letter as a Rule 59 Motion for New Trial and he set aside the agreement. The case subsequently came to this Court, and the [father] filed his Brief in Opposition to the Judgment.
“4. There have been several different Garnishments filed over the years by the [mother] or the State of Alabama on her behalf attempting to collect the Judgment. No action other than the 1995 Motion to Set Aside Default Judgment and the current briefs and motions by the [father] has even been filed by the [father], and nothing has been appealed by the [father],
“After giving full and careful consideration to the previous Orders, pleadings, arguments of counsel, and the applicable law, it is the opinion of the Court that the [father’s] Motion to Dismiss and Brief in Opposition to the Judgment are due to be treated as a Rule 60(b)(6) Motion to Alter, Amend or Vacate the Judgment of January 12, 1994. It is the opinion of the Court that said Motion is barred as having been previously raised and denied. The Court finds that the same issues raised in the 1995 Motion are raised again in this action. The proper way to [challenge] the denial of that motion was by way of appeal to the Court of Civil Appeals. Because the [father] chose not to appeal the denial in 1995, he is barred from raising the same issues now.”
The father raises several issues on appeal regarding whether the 1994 judgment is valid and whether the award of retroactive child support violated his procedural-due-process rights. After thoroughly reviewing the record and the applicable case-law, we find no law to support the father’s arguments. We therefore, conclude that the trial court, in upholding the 1994 default judgment, correctly interpreted the law and properly applied it. Further, we agree with the trial court’s determination that the father waived his rights by not appealing the denial of his Rule 60(b) motion in 1995. It is apparent that the father had a valid defense against the 1994 judgment, which incorrectly awarded retroactive support for the period 1979 to 1985. Section 30-3-110, Ala.Code 1975 (“Civil *1181 Action for order of retroactive support”), states:
“There is hereby created a civil action to establish an order of retroactive support which may be brought against a non-supporting parent who has a duty to support as the legal parent of a child or children but has failed to provide support. The action may be brought by the parent or guardian with physical or legal custody who is providing the actual care and support for the child or may be brought by the Department of Human Resources pursuant to the provisions of Section 38-10-1 et seq. An action under this section can be brought only if support has not previously been ordered pursuant to a divorce or other action in this or any other jurisdiction. (Acts 1994, No. 94-213, p. 298, § 1.)”
(Emphasis added.) See also Calloway v. Mitchell, 718 So.2d 65 (Ala.Civ.App.1998). While the father’s argument regarding the validity of the judgment could have been considered on appeal in 1995, he is now precluded from making that argument. We are mindful of the harsh outcome in this case; however, we must rule according to the current state of the law. See Cherry v. Clark, 595 So.2d 909 (Ala.Civ.App.1992); State ex rel. Head v. Head, 506 So.2d 1010 (Ala.Civ.App.1987). Accordingly, the judgment of the trial court is affirmed.
The father’s request for an attorney fee on appeal is denied.
AFFIRMED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.