On Application for Rehearing

CRAWLEY, Judge.
The opinion of January 12, 2001, is withdrawn and the following is substituted therefor:
The juvenile court awarded custody of three-year-old A.M.A. to her foster mother, S.P. From that judgment, the child’s father (“W.T.M.”), the child’s paternal aunt (“V.T.”), and the Department of Human Resources (“DHR”) appeal.
The parents of A.M.A. are not, and have never been, married to each other. In 1997, DHR filed a dependency petition, alleging that A.M.A., who was then an infant, was dependent because, it said, she had been born a “crack baby” and her mother, it claimed, was using cocaine and *1093 not providing adequate care for her. DHR obtained protective custody of A.M.A., and the child was placed in foster care.
In February 1998, W.T.M., who had established a relationship with A.M.A. at birth, was judicially determined to be her father. In March 1998, W.T.M., along with his sister S.B., petitioned for joint custody of the child, alleging that W.T.M. had suffered a disabling stroke and was unable to care for the child without help. After a dispositional hearing in August 1998, the juvenile court ordered that the child remain in the custody of DHR, with foster-care placement. W.T.M. and S.B. appealed that order to this court, but the appeal was dismissed as untimely. See W.T.M. v. Department of Human Res., 736 So.2d 1120 (Ala.Civ.App.1999).
In May 1999, V.T., another sister of W.T.M. and the child’s paternal aunt, moved to intervene and, along with her husband, petitioned for custody of A.M.A. In June 1999, S.P., the child’s foster mother, also moved to intervene and sought custody. The juvenile court granted both motions to intervene and, following a dis-positional hearing, awarded custody to S.P. and granted specific rights of visitation to the father as well as to V.T. and her husband.
The judgment states, in part:
“After reviewing the law submitted by counsel for the parties, and hearing argument regarding the burden of proof required in this cause, this Court finds that said Petitions filed by child’s Paternal Aunt and Uncle, and by child’s Foster Parent should be considered as Petitions to Modify the child custody Order issued by this Court on August 7, 1998, granting custody of said child to [DHR]. In modification proceedings, the standard of proof is set out in [Ex parte McLendon, 455 So.2d 863 (Ala.1984)], whether a change in custody would materially promote the welfare of the child. The reason for this stricter standard is that uprooting children and moving them can be very traumatic.
“This Court finds that there have been no substantial changes in circumstances as presented by the paternal Aunt and Uncle that would materially promote the welfare of the child by changing custody from the Foster Parent to the Paternal Aunt and Uncle. This Court notes that said child has been in the custody of her Foster Parent during the past 2 1/2 years where according to DHR reports said Foster Parent has provided child with a loving, nurturing environment and excellent care. Due to the fact that said child was found dependent by this Court on September 23, [1997], pursuant to Title 12-15 — 71(a)(3)(c), Alabama Code 1975, a child found dependent may be awarded to a relative or other individual who, after study by [DHR], is found by the Court to be qualified to receive and care for the child. Therefore, the care, custody, and control of said minor child ... is hereby awarded to her Foster Parent [S.P.], with whom [DHR] placed said minor child approximately 2 1/2 years ago.”
The guardian ad litem argues that the father does not have standing to appeal because he was not a “party” below. The father responds by arguing that, but for his physical disability, he would have been a “party” petitioning for custody. Nevertheless, he claims, he has an interest in the litigation, because, if his sister is given custody of the child, he will have a greater role in the child’s upbringing than if the foster mother is given custody. We agree with the father. One has standing if he or she has “a real, tangible interest in the subject matter of the lawsuit.” City of *1094 Hoover v. Oliver & Wright Motors, Inc., 780 So.2d 608, 610 (Ala.1999).
“Standing ... turns on ‘whether the party has been injured in fact and whether the injury is to a legally protected right.’... ‘One has standing to bring his complaint into court “if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case.” ’ ”
State v. Property at 2018 Rainbow Drive, 740 So.2d 1025,1027-28 (Ala.1999) (emphasis in original) (citations omitted). The father has suffered an injury to a “legally protected right” because, although he does not have custody of the child, his parental rights have not been terminated. Moreover, he has the “residual parental rights and responsibilities” referred to in § 12-15-1(24), AJa.Code 1975:
“RESIDUAL PARENTAL RIGHTS AND RESPONSIBILITIES. Those rights and responsibilities remaining with the parent after the transfer of legal custody or guardianship of the person, including, but not necessarily limited to, the right of visitation, the right to consent to adoption, the right to determine religious affiliation, and the responsibility for support.”
Clearly, the father has “a real, tangible interest in the subject matter of the lawsuit.”
The father raises several issues on appeal that we need not decide at this time because we conclude that the trial court erred in determining that the proceeding was a custody modification dictating the application of the McLendon standard, rather than the dispositional phase of a dependency proceeding requiring the application of the “best interest” standard. The record makes it clear that the proceeding was the dispositional phase of a dependency proceeding. This court has consistently held that the “best interest” standard applies to such proceedings. See W.T. v. State Dep’t of Human Res., 707 So.2d 647, 650 (Ala.Civ.App.1997); Jones v. Webb, 524 So.2d 374 (Ala.Civ.App.1988); C.P. v. M.K., 667 So.2d 1357, 1359 (Ala.Civ.App.1994). See also § 12-15-71(a), Ala. Code (1975).
In the present case, the trial court applied the McLendon standard, which was too stringent a burden of proof. Therefore, this cause must be remanded with instructions for the trial court to apply the correct standard, the “best interest” standard. See Ex parte Perkins, 646 So.2d 46 (Ala.1994). In its determination of the child’s best interest, the juvenile court should keep in mind § 12—15—62(c), Ala. Code 1975 (mandating that “[i]f a permanent plan is not presented [by DHR] to the court [within 18 months of an order placing a child in foster care] there shall be a rebuttable presumption that the child shall be returned to the family”); the decision in R.C. v. Nachman, 969 F.Supp. 682 (M.D.Ala.1997), aff'd, 145 F.3d 363 (11th Cir.1998) (stating that DHR has the affirmative duty to facilitate family reunification whenever that goal is possible); and § 12-15-1.1, Ala.Code 1975 (stating the legislative goal of family reunification in juvenile dependency cases).
The judgment of the juvenile court is reversed, and the cause is remanded with instructions to apply the “best interest” standard to the disposition of this dependent child.
APPLICATION GRANTED; OPINION OF JANUARY 12, 2001, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
PITTMAN, J., concurs.
YATES, P. J., and THOMPSON and MURDOCK, JJ., concur in the result.