YATES, Presiding Judge,
concurring in the result.
I agree with the main opinion that the judgment should be reversed and the case remanded. It is clear that the trial court erred in applying the McLendon standard rather than the best-interests standard, whether we consider the case as a dependency proceeding or as a custody dispute.
I do not agree that the father is a party to the proceeding before this court, and, therefore, I conclude that he should not be considered by this court. However, awarding custody to the father’s sister, V.T., and her husband, will ensure that the father has a continued relationship with his child. I think this is the only recourse for the father, because his appeal, seeking custody of the child, was dismissed in W.T.M. v. Department of Human Resources, 736 So.2d 1120 (Ala.Civ.App.1999).
In addition, DHR provided evidence that V.T. and her husband could provide a nurturing environment for the child; that they are financially able to provide for the child; and that they have established a positive relationship with the child. V.T., her husband, and other family members presented convincing testimony indicating that it would be in the child’s best interests to be placed in their care. Although it is not the province of this court to reweigh the evidence or to sit in judgment of disputed evidence, I think it clear that the trial court’s judgment was not supported by the evidence. On remand, I would direct the trial court to enter a judgment awarding custody to the paternal aunt and uncle, in accordance with the reunification goals mandated by DHR.