988 So.2d 572 (2008)
S.P.
v.
V.T., E.T., W.T.M., and Alabama Department of Human Resources.
2060965.
Court of Civil Appeals of Alabama.
January 11, 2008.
*573 Albert L. Jordan, Michael L. Jackson, and Phillip D. Corley, Jr., of Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham; Bryant A. Whitmire, Jr., of Whitmire & Coleman, Birmingham; and Douglas Rogers, Birmingham, for appellant.
Joe W. Morgan III, Birmingham, for appellees V.T. and E.T.
THOMAS, Judge.
This is the seventh time that issues related to the custody of A.M.A. have been before this court. See W.T.M. v. Department of Human Res., 736 So.2d 1120 (Ala. Civ.App.1999); W.T.M. v. S.P., 802 So.2d 1091 (Ala.Civ.App.2001) (plurality opinion); Ex parte W.T.M., 851 So.2d 55 (Ala.Civ. App.2002) (plurality opinion); Ex parte E.T., 895 So.2d 271 (Ala.Civ.App.2003) (plurality opinion); W.T.M. v. S.P., 889 So.2d 572 (Ala.Civ.App.2003) (plurality opinion); and S.P. v. E.T., 957 So.2d 1127 (Ala.Civ.App.2005). Because of our disposition of the instant appeal, a detailed recitation of the facts is not necessary.
From the time of her birth in 1997 until January 2003, A.M.A. had been in the custody of her foster mother, S.P. A.M.A.'s paternal aunt and uncle, V.T. and E.T., had visited with her, as had W.T.M., her disabled father. In January 2003, the Jefferson Juvenile Court awarded custody of A.M.A. to V.T. and E.T. In February 2003, the juvenile court ordered that A.M.A. be allowed transitional visitation with S.P. and A.M.A.'s foster siblings. In October 2003, S.P. moved to modify custody, alleging that a material change in circumstances had occurred since the entry of the January 2003 order and that custody of A.M.A. should be transferred to S.P.
In September 2004, Juvenile Judge Vincent J. Schilleci, Jr., conducted an ore tenus proceeding on S.P.'s motion to modify custody. The parties disagreed with respect to the evidentiary standard that should be applied to S.P.'s motion, with S.P. taking the position that the best-interest-of-the child standard should apply and V.T. and E.T. arguing that the Ex parte McLendon, 455 So.2d 863 (Ala.1984), standard should apply. Judge Schilleci ultimately ruled that the McLendon standard applied, that S.P. had not met her burden under that standard, and that the custody of A.M.A. would remain with VT and E.T.
S.P. appealed, and in S.P. v. E.T., this court held that the proper standard was the best-interest-of-the-child standard. Therefore, we reversed the juvenile court's judgment and remanded the cause for that court "to enter a judgment utilizing the best-interest standard." 957 So.2d at 1133. Following our remand, Judge Schilleci retired and the case was assigned to Judge Melissa J. Ganus. Judge Ganus reviewed the trial transcript and exhibits that had been admitted in the proceeding tried before Judge Schilleci and, without hearing any evidence, rendered a judgment on June 29, 2007, in which she "applie[d] the `best interest standard'" to the record evidence.
This court contemplated that its order on remand would be implemented by Judge Schilleci, who, having previously heard the evidence in the case and having *574 had the opportunity to assess the credibility of the witnesses, would then apply the "best interest" standard to the facts as he had determined them  or, failing that, that any new judge would necessarily have to conduct a new hearing and apply the "best interest" standard to the facts as he or she determined them.
"Appellate courts do not sit in judgment of disputed evidence that was presented ore tenus before the trial court. Curtis White Construction Co. v. Butts & Billingsley Construction Co., 473 So.2d 1040 (Ala.1985)....
"... The fact that the trial court clearly applied the incorrect law to the facts does not authorize the appellate courts to examine the evidence de novo. Phillips v. Phillips, [622 So.2d 410 (Ala. Civ.App.1993)]; Ex parte McLendon, [455 So.2d 863 (Ala.1984)]; Curtis White Construction Co. v. Butts and Billingsley Construction Co., supra."
Ex parte Perkins, 646 So.2d 46, 47 (Ala. 1994). In Perkins, our supreme court held that when a trial court employs too high a standard to deny the requesting party a custody modification, the appellate court should
"remand[ ] the case for the trial court to consider the evidence in light of the [appropriate lower] standard. See, e.g., Ex parte McLendon, [455 So.2d 863 (Ala.1984)]; Ex parte Jones, 620 So.2d 4 (Ala.1992); Phillips v. Phillips, 622 So.2d 410 (Ala.Civ.App.1993); Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App. 1992). The trial court is in the best position to make a factual determination  it hears the evidence and observes the witnesses."
Id.
Accordingly, the judgment rendered by Judge Ganus on June 29, 2007, is reversed, and the cause is remanded with instructions to conduct a new evidentiary hearing and to apply the best-interest standard to the facts determined at that hearing. In the alternative, Judge Ganus may choose to request the presiding circuit judge of the circuit to "appoint and commission [former Judge Vincent J. Schilleci, Jr., as a] ... special district judge ... for temporary service," pursuant to § 12-1-14.1(a), Ala.Code 1975, so that Judge Schilleci may review the transcript of the evidence previously presented to him and apply the "best interest" standard to the facts as he had determined them.
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN, J., concur.
PITTMAN and MOORE, JJ., concur in the result, without writing.