PER CURIAM.
Brandon Larue (“the father”) and Serena Patterson (“the mother”) were married on March 11, 2004; there are two children of the marriage. In 2010, the Marshall Circuit Court entered a judgment divorcing the parties. By incorporation of the agreement of the parties, the circuit court awarded the parties “joint legal and physical custody,” awarded the mother primary physical custody, and awarded the father visitation; the circuit court ordered the father to pay child support.
In December 2011, the mother relocated the children to Murfreesboro, Tennessee. On December 30, 2011, the father filed an objection to the relocation and a petition for a modification of the divorce judgment. The father alleged that the mother had relocated with .the children without providing notice as required by Alabama Parent-Child Relationship Protection Act (“the Act”), codified at § 30-3-160 et seq., Ala. Code 1975. He requested various forms of relief, including a finding of contempt against the mother. On February 20, 2012, the mother filed an answer to the father’s petition in which she admitted that she had relocated the children. She filed a counterclaim and a motion for contempt in which she alleged, among other things, that the father was in arrears on his child-support obligation.
The circuit court conducted a trial on September 25, 2012, and, on September 27, 2012, it entered a judgment, which neither modified the children’s custody nor specifically addressed the Act; however, it impliedly sanctioned the children’s relocation because the mother remained the primary physical custodian. The circuit court ordered the father to pay the modified amount of $519.93 per month in child support and an additional $100 per month toward his alleged child-support arrearage “until the arrearage [was] eliminated.” It denied all other requested relief.
The father filed a motion requesting a new trial or an amended judgment in which he asserted that the circuit court had failed to properly consider the requirements of the Act. Specifically, the father argued that the circuit court had *358 erred by determining that the mother had overcome the rebuttable presumption that a change of principal residence is not in the best interest of the children because, he argued, she had failed to address the issue at the trial. The father also argued that the circuit court had erred by failing to include a determination of the total amount of his alleged child-support arrear-age.
The circuit court conducted a hearing, and, on January 16, 2018, it denied the father’s postjudgment motion.[1] The father filed a notice of appeal on February 20, 2013. That appeal was assigned case no. 2120413. On August 1, 2013, this court reinvested the circuit court with jurisdiction to enter a judgment determining the total amount of the father’s alleged child-support arrearage. On August 20, 2013, the circuit court entered an order requiring the parties to “submit their position[s] on the pending child support arrearage.” The father filed a response to the circuit court’s order; the mother failed to file a response.- On September 5, 2013, this court dismissed case no. 2120413 as having been taken from a nonfinal judgment. See Larue v. Patterson, (No. 2120413, Sept. 5, 2013) — So.3d - (Ala.Civ.App.2013) (table).
On November 22, 2013, the father filed a motion requesting a trial to determine the amount of his alleged child-support arrear-age. After a hearing at which the mother failed to appear, the circuit court entered a judgment on March 19, 2014.[2] The circuit court “set aside and rendered null and void” that portion of the September 27, 2012, judgment that had required the father to repay his alleged child-support ar-rearage because the mother had failed to present evidence demonstrating the. existence of the alleged arrearage. All other portions of the September 27, 2012, judgment remained unchanged. On April 25, 2014, the father filed a timely notice of appeal; the current appeal had been assigned case no. 2130633.[3]
The father seeks our review of whether the circuit court failed to properly consider the requirements of the Act. The mother has not favored this court with an appellate brief.
“ ‘[Alabama’s Parent-Child Relationship Protection] Act does not require the trial court to make specific findings of fact in its judgment, see Clements v. Clements, 906 So.2d 952, 957 (Ala.Civ.App.2005), and, in the absence of specific findings of fact, “ ‘this court must assume that the trial court made those findings necessary to support its judgment.’ ” Id. (quoting Steed v. Steed, 877 So.2d 602, 603 (Ala.Civ.App.2003)).’
“Pepper v. Pepper, 65 So.3d 421, 426 (Ala.Civ.App.2010).”
Bates v. Bates, 103 So.3d 836, 842 (Ala.Civ.App.2012).
“The judgment was issued based upon ore tenus proceedings. Where the trial court’s findings are based on evidence received ore tenus,
“ ‘ “[o]ur standard of review is very limited.... A custody determination of the trial court entered upon oral *359 testimony is accorded a presumption of correctness on appeal, ... and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial .court’s discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow.”’
“Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994) (citations omitted) (quoting Phillips v. Phillips, 622 So.2d 410, 412 (Ala.Civ.App.1993)). Tt is our duty to affirm the trial court’s judgment if it is fairly supported by credible evidence, “regardless of our own view of that evidence or whether we would have reached a different result had we been the trial judge.” ’ Griggs v. Griggs, 638 So.2d 916, 918-919 (Ala.Civ.App.1994) (quoting Young v. Young, 376 So.2d 737, 739 (Ala.Civ.App.1979)).”
Sanlcey v. Sankey, 961 So.2d 896, 900-01 (Ala.Civ.App.2007).
At the September 25, 2012, trial the mother testified that she began cohabiting with Kevin Patterson (“Kevin”) in July 2011, and, at some unspecified time, the mother relocated the children from Arab to Huntsville, where Kevin was employed. The parties agree that they had deviated from the visitation schedule provided in the divorce judgment, that the father had exercised visitation with the children every weekend and occasionally on weekdays, and that he had picked them up at the mother’s residence when the children had lived in Arab and in Huntsville.
According to the mother, in November 2011, Kevin lost his job in Huntsville and found employment in Murfreesboro, Tennessee. Although some details vary, it is undisputed that the father was notified by a cellular-telephone text message of the intended relocation of the children approximately four days before the children relocated. The mother candidly admitted that she had failed to conform to the notice requirements of the Act, but she said that she was unaware of her obligation to do so because, she said, the notice requirements of the Act were not appended to her copy of the divorce judgment.
The parties testified that after the children had relocated, the mother and Kevin married one another, and the father, with a few exceptions, exercised visitation every other weekend, which represents a 50% reduction in the amount of visitation the father had enjoyed before the children relocated. The mother said that she could not afford to buy gasoline every weekend; according to the mother, the father had selected the custody-exchange location, which required him to drive 35.4 miles and required her to drive 75.4 miles. The' father said that not meeting at the halfway point had been the mother’s decision. Notably, there was no testimony indicating any positive effect of the children’s relocation to Murfreesboro.
At the close of the hearing, the father’s attorney specifically invoked the provisions of the Act. He said: “I would like to point out to the Court, I know the Court is aware of it, but Section 30-3-168, Code of Alabama [ — ][i]t has to do with the Parental Relocation Act and notices and consequences for failure to give notice.”
On appeal, the father argues that the testimony provided by the mother failed to overcome the rebuttable presumption stated in § 30-3-169.4, Ala.Code 1975, which reads, in its entirety:
“In proceedings under this article unless there has been a determination that the party objecting to the change of the principal residence of the child has been found to have committed domestic violence or child abuse, there shall be a *360 rebuttable presumption that a change of principal residence of a child is not in the best interest of the child. The party-seeking a change of principal residence of a child shall have the initial burden of proof on the issue. If that burden of proof is met, the burden of proof shifts to the non-relocating party.”
(Emphasis added.)
Several of our prior decisions interpreting the Act are instructive. The mother in Toler v. Toler, 947 So.2d 416, 417 (Ala.Civ.App.2006) (plurality opinion), was the custodial parent, and she sought a change of the principal residence of the parties’ children. She notified the father, the objecting party, of her intent to relocate the 14-year-old child. 947 So.2d at 417. After a pendente lite hearing, the trial court allowed the mother to relocate the child from Birmingham to Headland. Id. at 418. The evidence indicated that the relocation caused a disruption of an “enviable custody situation,” caused the father to enjoy less frequent visitation, caused longer drives to exchange the child, and caused the child to be uprooted from his church, friends, sports activities, and the school he had attended since first grade. Id. at 421-22. Furthermore, the child had expressed his preference to return to Birmingham. Id. at 422. Under those facts, we reversed the trial court’s determination that the mother had met her burden of proof pursuant to § 30-3-169.4. We determined that the mother had not shifted the burden of proof to the father. Id.
The mother in Henderson v. Henderson, 978 So.2d 36, 38 (Ala.Civ.App.2007), was the custodial parent, and she sought a change in the children’s principal residence because her new husband, an active-duty servicemember in the United States Coast Guard, had received orders to relocate to Alaska. 978 So.2d at 38. The trial court’s judgment prohibited the children’s relocation, and the mother appealed. Id. at 39. We affirmed the trial court’s determination because the father and his family had a close relationship with the children and because the mother had failed to rebut the presumption that relocation was not in the children’s best interest. The mother failed to present, for example, evidence indicating the quality of the school system in Alaska, the existence and quality of extracurricular activities in which the children could participate, the number of people with whom the children might form relationships, or the quality of the proposed living conditions in Alaska. Id. at 42.
In Pepper v. Pepper, 65 So.3d 421 (Ala.Civ.App.2010), the parents shared joint custody of the children, and, by agreement of the parties, the father had exercised more visitation than had been awarded in the parties’ judgment of divorce. The mother in Pepper gave the father notice of her intent to relocate the parties’ children from Huntsville to Tennessee. 65 So.3d at 422. Because the mother never obtained a judgment allowing her to temporarily relocate the children during the pendency of the proceedings, the children never relocated. Id. at 423. However, the mother remained the party who was required to overcome the presumption that a change in principal residence of the children was not in their best interest. Id. at 426. After the trial, the trial court entered a modification judgment awarding the children’s custody to the father because it concluded that the evidence had demonstrated a material change in circumstances. Id. at 423. The mother argued on appeal that the trial court had erred by modifying the children’s custody because she had never relocated the children. Id.
Like the present case, the trial court in Pepper included no findings of fact regarding whether the mother had met her burden of rebutting the presumption found in *361 § 30-3-169.4. Id. at 426. After noting our deferential standard of review and after reviewing the record, we concluded that the mother in Pepper had presented “little evidence.” Id. We noted the testimony indicating that the children’s maternal and paternal families lived in or near Limestone County, that the children had no relatives in Tennessee, that the children spent significant amounts of time with the father and both sets of grandparents, and that the persons standing to benefit from the relocation were the mother’s new husband and his children. Id. Thus, we determined that the evidence presented did not amount to evidence demonstrating that the mother had rebutted the presumption found in § 30-3-169.4. Id. at 427. However, we reversed the judgment and remanded the cause because “the trial court could not have modified custody of the children based only on the mother’s intent to relocate to Tennessee.” Id.
In this case, the father was the party who objected to the change in residence, and, because the father had not committed acts of domestic violence or child abuse, the mother bore the initial burden of proof regarding whether a change of principal residence was in the children’s best interest. A review of the transcript reveals that the mother offered no evidence demonstrating that a change of principal residence was in the children’s best interest. Furthermore, like in Pepper, the evidence indicates that the person who benefited from the children’s relocation was Kevin. Thus, we agree with the father that the mother failed to rebut the presumption that relocation of the children to Tennessee would not be in their best interest.
 Next, the father asserts that the circuit court erred by not entering a finding of contempt based on the mother’s failure to give proper notice of her intent to relocate the children. The circuit court could have reasonably believed the mother’s testimony indicating that she had not willfully violated the notice provisions of the Act, and, furthermore, the determination of whether a party is in contempt of court rests entirely within the sound discretion of the trial court. Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App.1994). We perceive no error as to this issue.
Finally, our resolution of the father’s first issue on appeal pretermits discussion of the father’s remaining issues. See Favorite Mkt. Store v. Waldrop, 924 So.2d 719, 723 (Ala.Civ.App.2005) (stating that this court would pretermit discussion of other issues in light of dispositive nature of one issue).
In conclusion, the judgment of the circuit court is affirmed insofar as it did not hold the mother in contempt of court. The judgment is reversed insofar as the circuit court failed to require the mother, the party seeking to relocate the children, to meet her burden of proof, and, thus, impliedly sanctioned her relocating to Tennessee with the children, and the cause is remanded for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.
THOMAS, J., concurs specially.

. A transcript of the hearing on the father’s p'ostjudgment motion is not included in the record on appeal.

. That hearing was not transcribed.

. The father.ordered the entire record. The circuit court’s clerk certified the record as complete and made the record available to the parties on June 4, 2014. However, the record on appeal in case no. 2130633 did not contain a transcript of the September 25, 2012, trial. On August 12, 2014, this court incorporated the record from case no. 2120413.